## UNITED STATES of America

### v.

### Deloria A. McLAUGHLIN.

### Crim. No. M–80–0405.

United States District Court,
D. Maryland.

April 14, 1981.

Russell T. Baker, Jr., U. S. Atty., and Ellen L. Hollander, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Fred Warren Bennett, Federal Public Defender, and Stanley J. Reed, Asst. Federal Public Defender, Baltimore, Md., for defendant.

## MEMORANDUM

JAMES R. MILLER, Jr., District Judge.

Although it is unusual for a sentencing court to set out in writing its reasons for imposing a particular sentence, the circumstances of the defendant's conviction compel the court to do so in this case.

The defendant was charged, in a five-count indictment, with embezzling a total of $1,811.01 from her employer in violation of 18 U.S.C. § 656. Defendant was convicted on Count I of the indictment by way of a guilty plea. Under the terms of a plea agreement, the government agreed to move, and did in fact move to dismiss the remaining counts upon the court's acceptance of the defendant's guilty plea to Count I. Pursuant to the plea agreement, the defendant agreed, among other things, to make restitution in the total amount charged in the indictment. The defendant also agreed that, should she be placed on probation at the time of sentencing, full restitution would be a condition of probation. *United States v. McLaughlin*, 509 F.Supp. 857 (D.Md.1981).

At rearraignment, the court examined the defendant on whether she freely and voluntarily agreed to make full restitution, and whether she in fact caused the $1,811.01 loss to her employer. The defendant responded to both inquiries in the affirmative. At sentencing, the court again questioned the defendant on whether she was willing to make full restitution. The defendant answered in the affirmative. The court then suspended the imposition of sentence and placed the defendant on five years' probation, 18 U.S.C. §§ 4216, 5010(a). One of the conditions of probation was for the defendant to make restitution of the full amount she actually stole from her employer, as alleged in the indictment, even though she had been convicted of only one of the five counts of the indictment.[1]

It is well settled that a requirement of restitution is an appropriate condition of probation when a defendant is sentenced under section 5010(a). *Durst v. United States*, 434 U.S. 542, 549–53, 98 S.Ct. 849, 853–855, 55 L.Ed.2d 14 (1978). The question which has arisen in the present case, however, is the legality of requiring full restitution as a condition of probation when the defendant has been convicted on only one count of a multicount indictment through the court's acceptance of a guilty plea pursuant to a plea agreement.

The court has considered the purposes underlying the Federal Probation Act, 18 U.S.C. § 3651, as well as the handful of cases interpreting its restitution provision. The court has also considered the policies underlying the granting of probation and the purposes of restitution in criminal cases. Although the matter is not free from doubt, the court concludes that it has the authority under section 3651 to make full restitution a condition of probation in a case such as this because: (1) the amount of loss suffered by an identifiable aggrieved party is certain; (2) the defendant admits, and there is no factual question as to whether, the defendant caused or was responsible for the aggrieved party's loss; and (3) the defendant consents, freely and voluntarily, to make full restitution and that it be a condition of probation. The court's reasoning is set out below.

### I. *The Purposes of Probation and Restitution*

Section 3651 provides in pertinent part:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

\* \* \* \* \* \*

Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court

---

1. At the sentencing, defendant admitted stealing $2,945.19 from her employer and agreed to a condition of probation requiring that she pay it back as restitution. Since that amount is in excess of the amount in the plea agreement, however, as well as in excess of the total indictment amount, the amount contained in the plea agreement is the amount of restitution which will be required.

may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.

The court may revoke or modify any condition of probation, or may change the period of probation.

The period of probation, together with any extension thereof, shall not exceed five years.

While on probation and among the conditions thereof, the defendant—

> May be required to pay a fine in one or several sums; and

> May be required to make restitution or reparation to aggrieved parties for actual damages or loss *caused by the offense for which conviction was had*; and

> May be required to provide for the support of any persons, for whose support he is legally responsible.

(Emphasis supplied).

The predominate purpose underlying the enactment of the Federal Probation Act was to give a convicted defendant a meaningful opportunity to reform. The Supreme Court has stated that the Act "was designed to provide a period of grace in order to aid the rehabilitation of a penitent offender; to take advantage of an opportunity for reformation which actual service of the suspended sentence might make less probable." *Burns v. United States*, 287 U.S. 216, 220, 53 S.Ct. 154, 155–166, 77 L.Ed. 266 (1932). *See United States v. Murray*, 275 U.S. 347, 357–58, 48 S.Ct. 146, 149, 72 L.Ed. 309 (1928); *United States v. Torrez-Flores*, 624 F.2d 776, 783–84 (7th Cir. 1980).

The availability of probation serves numerous societal interests. As Judge Lasker has noted, "[t]he obvious advantage to an offender of a sentence of probation is that it rescues him from all the disabling effects of loss of freedom." Lasker, *Presumption Against Incarceration*, 7 *Hofstra L.Rev.* 407, 411 (1979). Under an appropriate system of supervision, therefore, the unhardened offender will hopefully become a law-abiding citizen. *See, e. g., Roberts v. United States*, 320 U.S. 264, 272, 64 S.Ct. 113, 117, 88 L.Ed. 41 (1943); J. Williams, *The Law of Sentencing and Corrections* 72–73 (1974).

The availability of a noncustodial sentence also offers significant advantages for the offender's family and the state. Included among these are that (1) the offender's family will not be deprived of the convicted defendant's emotional and economic support; (2) the state may save economically in terms of expenditures for prisons and welfare; (3) law enforcement efforts may be aided by encouraging defendants to cooperate in investigations; and (4) court congestion is relieved through increased guilty pleas. *See, e. g.*, A. Campbell, *Law of Sentencing* 74–75 (1978); J. Williams, *The Law of Sentencing and Corrections* 80 (1974); *American Bar Association Standards Relating to Probation* § 1.2 (Approved Draft, 1970).

Central to any rehabilitation effort, however, is the convicted defendant's acknowledgment of his guilt. A requirement of restitution as a condition of probation can encourage such acknowledgment in two ways. On a general level, "[r]estitution forces the criminal to confront the problems caused by his actions; theoretically, this confrontation is rehabilitative." Comment, *Compensation for Victims of Crime—The Texas Approach*, 34 *Sw.L.J.* 689, 690 (1980). More specifically, restitution impresses "upon the mind of the criminal that he has injured a human being, not some impersonal entity known as the state." Laster, *Criminal Restitution: A Survey of Its Past History and an Analysis of Its Present Usefulness*, 5 *U.Rich.L.Rev.* 71, 80 (1970) (footnote omitted). Restitution, especially in a situation in which a defendant acknowledges his or her culpability in stealing a specific total sum of money, can serve the rehabilitative goal, approved by the Supreme Court, of requiring the defendant to accept responsibility for his or her transgressions. *See Durst v. United States*, 434 U.S. at 554, 98 S.Ct. at 855. In addition,

the restitutionary element of probation fosters societal interests such as confidence in the legal system and a sense of justice in that citizens will know that the damage done will be repaired. *See, e. g.,* McAdam, *Emerging Issue: An Analysis of Victim Compensation in America,* 8 Urban Law. 346, 349 (1976); Lamborn, *Remedies for the Victims of Crime,* 43 S.Cal.L.Rev. 22, 27 (1970).

## II. *Restitution under Section 3651*

It has long been settled that, unlike some state courts, federal courts possess no inherent authority to suspend a sentence of imprisonment and place a convicted defendant on probation. *Ex parte United States,* 242 U.S. 27, 49–52, 37 S.Ct. 72, 77, 79, 61 L.Ed. 129 (1916). *See United States v. Ellenbogen,* 390 F.2d 537, 541 (2d Cir.), *cert. denied,* 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968). Such authority, however, was granted by Congress in the form of the Federal Probation Act. 18 U.S.C. § 3651. That Act is the sole source of the court's probationary powers. *See, e. g., United States v. Cohen,* 617 F.2d 56, 58 (4th Cir. 1980); *United States v. Workman,* 617 F.2d 48, 50 (4th Cir. 1980).

Numerous cases have discussed generally the restitutionary aspect of section 3651. *See, e. g., United States v. Seest,* 631 F.2d 107, 110 (8th Cir. 1980); *United States v. Tiler,* 602 F.2d 30, 33 (2d Cir. 1979). However, few reported decisions have examined the precise scope of the court's power under that section as it relates to the amount of restitution a convicted defendant can either consent to pay or be compelled to pay as a condition of probation.

*United States v. Follette,* 32 F.Supp. 953 (E.D.Pa.1940), was the first reported decision to discuss the amount of restitution permissible under section 3651. In that case, the defendant was indicted for embezzlement and conversion of $203.99 of United States postal funds. The defendant pleaded guilty to the charge and was placed on two years' probation. As a condition of probation, the court ordered the defendant to make restitution to a surety in the amount of $466.28, representing the sum the surety had paid to the government. The defendant was unable to fulfill the restitution obligation within the probation period and petitioned the court to reduce the amount. Reasoning that "[a] conviction for embezzlement and conversion of a greater sum could not have been had on this indictment," Judge Maris held that the court was without power under section 3651 to order restitution in an amount greater than $203.99. 32 F.Supp. at 955.

In *Karrell v. United States,* 181 F.2d 981 (9th Cir.), *cert. denied,* 340 U.S. 891, 71 S.Ct. 206, 95 L.Ed. 646 (1950), a Service Readjustment Act case, the indictment contained 17 counts and each count concerned a different veteran. The defendant was acquitted on two counts, found guilty on six counts, and nine counts were dismissed. As a condition of probation, the trial court ordered the defendant to make restitution to all 17 veterans named in the indictment and one veteran not so named. Following Judge Maris' interpretation of section 3651 in *Follette,* the Ninth Circuit panel held that the trial court had committed plain error in ordering restitution to those veterans not connected with the six counts on which the defendant was convicted. 181 F.2d at 987. The court reasoned that the amount of restitution that could be ordered under section 3651 was limited by the phrase "for actual damages or loss caused by the offense for which conviction was had," notwithstanding the court's general power under the statute to require "such terms and conditions as the court deems best." 181 F.2d at 986.

In *United States v. Taylor,* 305 F.2d 183 (4th Cir.), *cert. denied,* 371 U.S. 894, 83 S.Ct. 193, 9 L.Ed.2d 126 (1962), the defendant pleaded guilty to two counts of failing to file income tax returns for the years 1956 and 1957. On a separate indictment he was convicted by a jury of one count of filing a false return for 1955. The defendant's prison terms were suspended and he was placed on probation. One of the conditions was that the defendant pay to the Internal Revenue Service certain tax liabilities for the years 1950 through 1960. In holding that

the trial court exceeded its authority under section 3651 in ordering such restitution, Judge Boreman stated that the panel was "in substantial accord with the reasoning of" *Karrell* and *Follette*. 305 F.2d at 187. Nevertheless, Judge Boreman went on to state that the trial court could "properly require, as a condition of probation, payment of those taxes reported by the defendant as due for 1958, 1959 and 1960 since *such liability is admitted* and no question of restitution of fraudulently evaded taxes would be involved." (Emphasis supplied). 305 F.2d at 187. Apparently, therefore, the Fourth Circuit panel thought it permissible under section 3651 to order restitution for amounts other than those "for which conviction was had."

In *United States v. Landay*, 513 F.2d 306 (5th Cir. 1975), the defendant was indicted on six counts of causing the interstate transportation of forged securities. He pleaded guilty to three counts and the remaining three counts were dismissed. Prior to the defendant's plea, the bank that had suffered the loss obtained a civil consent judgment against the defendant in an amount apparently greater than that covered by the three conviction counts. As a condition of probation, the defendant was ordered to make restitution, through an elaborate security arrangement, of the full amount of the civil consent judgment. When the defendant refused to sign the necessary documents, the district court revoked his probation. 513 F.2d at 307.

On appeal, the Fifth Circuit upheld the propriety of the restitution order on the ground that the defendant "freely and voluntarily admitted the exact amount the First National claimed he owed." 513 F.2d at 308. The court cited *Taylor* for the proposition that "[t]he rule that limits the restitution amount to the conviction counts ... is designed to eliminate doubt about when this amount has been repaid and so avoid the possibility of a post-sentencing disagreement that ends with the defendant back in jail." 513 F.2d at 308 (citations omitted). No mention was made of either *Karrell* or *Follette*.

In *United States v. Buechler*, 557 F.2d 1002 (3d Cir. 1977), the defendant pleaded guilty to a one count information charging her with embezzling $262.12 from a federally insured bank. The plea was not entered pursuant to a plea agreement. The defendant was sentenced under the Youth Corrections Act to a five-year term of imprisonment. The trial court suspended the sentence and placed the defendant on three years of probation. One of the conditions was that the defendant make restitution to the bank of approximately $2000.00. This figure was based on the government's proffer at the rearraignment of what the defendant had actually stolen from the bank. The defendant was never given an opportunity to be heard with respect to the restitution amount. 557 F.2d at 1004. In holding the restitution condition illegal under section 3651, the Third Circuit followed *Follette*'s interpretation of the statute that restitution could be ordered only for the amount of loss caused by "the offense for which conviction was had." 557 F.2d at 1007–08. However, the court expressly declined to "resolve the question presented in *United States v. Landay*." 557 F.2d at 1008 n.10. The court also stated:

> We also need not address the question whether restitution in an amount exceeding that involved in the count to which a guilty plea is entered may be imposed as a condition of probation, where the defendant explicitly agrees to it as one of the terms of a plea bargain in a multiple count indictment.

557 F.2d at 1008 n.10.

A Fourth Circuit panel recently commented upon section 3651 in *United States v. Vaughn*, 636 F.2d 921 (4th Cir. 1980). The question presented in that case was whether, as a condition of probation, the defendant could be required to pay the investigation expenses incurred by the government in bringing him to trial. In holding such a condition impermissible under section 3651, the court first ruled that its propriety must be tested by the specific restitutionary language of the statute, rather than the general grant of authority to impose "such terms and conditions as the court deems best." 636 F.2d at 922–23,

citing *Karrell v. United States*, 181 F.2d 981, 986–87 (9th Cir.), *cert. denied*, 340 U.S. 891, 71 S.Ct. 206, 95 L.Ed. 646 (1950). The court then noted Judge Boreman's opinion in *Taylor*, 305 F.2d at 186–87, interpreting it as invalidating a restitution order when the amount to be paid involved "periods other than the indictment years." 636 F.2d at 924. The court also noted the *Taylor* panel's "substantial accord" with the reasoning in *Karrell* and *Follette*. 636 F.2d at 924. The specific reason for the result in *Vaughn*, however, was the panel's ruling that the loss suffered by the government was not directly caused by "the offense for which conviction was had." 636 F.2d at 924, *citing United States v. Jimenez*, 600 F.2d 1172 (5th Cir.), *cert. denied*, 444 U.S. 903, 100 S.Ct. 216, 62 L.Ed.2d 140 (1979).

### III. *Restitution, Plea-Bargaining and Multicount Indictments*

The issue raised by the defendant's sentence in this case was noted but not resolved by the Fifth Circuit in *Buechler*, 557 F.2d at 1008 n.10. The amount of restitution required here as a condition of probation does exceed the amount of loss caused by the "offense for which conviction was had." It does not, however, exceed the amount of loss for which the defendant was indicted. Further, in both the plea agreement and in open court, the defendant admitted causing the amount of loss set out in the indictment and freely consented to make such restitution to her former employer.

A technical reading of section 3651, as well as several of the above-referenced-to cases, might indicate that the restitution condition imposed in this case is impermissible under the Federal Probation Act. The court believes such a result to be unwarranted as it would be contrary to the goals of probation and would have significant practical ramifications for both society and defendants.

First, plea-bargaining in situations involving multicount indictments would be severely restricted. If a defendant could not consent to make restitution for the actual loss caused by his or her conduct relating to the indictment, and have such be a condition of any probation he or she might receive, then the government would have little reason to dismiss indictment counts in order to limit a defendant's potential period of incarceration. More importantly, however, it would frustrate the rehabilitation goals of the probation system outlined in Section I above. The primary purpose of restitution as a condition of probation is to foster, in a direct way, a defendant's acceptance of responsibility for his or her unlawful actions. To permit a defendant who freely admits his or her guilt, and the amount of loss caused thereby, to avoid making the aggrieved party at least economically whole is intolerable from a societal perspective.

Nevertheless, since the matter is not free from doubt, this court from now on will not accept in a theft, larceny, or embezzlement case single count [2] guilty pleas to a multicount indictment until the scope of restitution under section 3651 is established definitively by the Fourth Circuit or the Supreme Court. Neither the Constitution, *Weatherford v. Bursey*, 429 U.S. 545, 561, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977), nor Rule 11, Fed.R.Crim.P., *United States v. Stamey*, 569 F.2d 805, 806 (4th Cir. 1978); *United States v. Jackson*, 563 F.2d 1145, 1147–48 (4th Cir. 1977), requires this court to accept guilty pleas. Until the restitution issue discussed above is definitely resolved, this court will not be a party to situations where a defendant can plead guilty to one count of a multicount indictment, agree to make full restitution in an attempt to persuade the judge to grant probation, and then later challenge the restitution requirement in a post-trial motion proceeding or on appeal.

---

**2.** Where the single count to which the plea is offered is related to an amount admittedly less than that stolen.