DeCARLO, Judge.
First degree theft; five years imprisonment.
The indictment in this case charged that appellant “did knowingly obtain or exert unauthorized control over $1361.94 ... the property of Capitol City Laundry, with the intent to deprive the said owner of the said property in violation of § 13A-8-3 of the Code of Alabama.” Appellant pleaded guilty to this charge on June 5,1981. After properly determining that the guilty plea was intelligently and voluntarily entered, the trial court adjudged appellant to be guilty and continued the case for “sentencing and probation determination.”
The sentencing and probation hearing began on July 17, 1981, but was continued until July 31, 1981, when the trial judge realized the complexities involved in determining for restitution purposes the actual amount embezzled by appellant. At the hearings, the State presented evidence that the appellant, acting in her capacity as bookkeeper for Capitol City Laundry, had illegally taken money paid by customers on accounts due and deposited that money in her personal bank accounts. In addition to the $1,361.94 averred in the indictment and apparently taken during 1980, the State presented evidence that appellant similarly embezzled approximately $90,000 in years prior to 1980.
At the conclusion of the second hearing, the trial judge sentenced appellant to five years imprisonment. He then suspended the sentence and placed appellant on proba *850 tion for five years “conditioned upon [appellant’s] spending twelve months in the county jail, paying court costs, paying restitution in the amount of $73,691, and any and all conditions as may be imposed by the court at a later date.” Included in the total amount of restitution was $14,936 claimed as “litigation expenses.”
Appellant subsequently filed a “Motion to Withdraw Guilty Plea and Enter Not Guilty Plea and Motion For a New Trial” which was granted by the trial judge. The State sought and was granted by this court a writ of mandamus directing the trial court to vacate its order purporting to set aside the plea of guilty because appellant’s motion was not timely filed. The appellant now prosecutes this appeal requesting that this court “declare the judgment and sentence of the lower court to be null and void as to the amount of restitution ordered in excess of the amount alleged in the indictment which is $1,361.94” or “reverse the sentence and order a new trial.”
Our legislature has passed an act which states that its purpose is to require “all perpetrators of criminal activity or conduct ... to fully compensate all victims of such conduct or activity for any pecuniary loss, damage or injury as a direct or indirect result thereof.” 1980 Ala. Acts 80-588 (codified at Ala.Code §§ 15-18-65 through -77 (Supp.1982)). This act did not become effective until May 28, 1980, however, and this court has held that it is not to be given retroactive application. Cox v. State, 394 So.2d 103 (Ala.Cr.App.1981). This statute would therefore authorize restitution only for the period between May 28, 1980, and August, 1980, when appellant left the employ of Capitol City Laundry.
Before the passage of the 1980 act, however, the trial judge could, as a condition of probation, require an offender to “make reparation or restitution to the aggrieved party for the damage or loss caused by his offense.” Ala.Code § 15-22-52(8) (1975). See also Ala.Code § 15-18-8(d)(2) (1975). Quite clearly, then, the trial judge had the authority to require appellant to make restitution as a condition of her probation. What we must now determine is the amount of restitution which can properly be imposed upon appellant.
In interpreting a probation statute very similar to § 15-22-52(8), a New York court held that the words “his offense” meant “only the offense for which the defendant is on trial before the court, and cannot be stretched to cover similar offenses committed by the defendant against the same party or various parties.” People v. Funk, 117 Misc. 778, 193 N.Y.S. 302 (1921). The court then limited the restitution amount to the amount specified in the indictment to which the defendant pleaded guilty. Other state courts, construing similar statutes, have reached the same conclusion. E.g. People v. Mahle, 57 Ill.2d 279, 312 N.E.2d 267 (1974); State v. Eilts, 23 Wash.App. 39, 596 P.2d 1050 (1979).
The Federal Probation Act provides that, as a condition of probation, a defendant “may be required to make restitution or reparation to aggrieved parties for actual damages on loss caused by the offense for which conviction was had.” 18 U.S.C. § 3651 (1976). In construing this provision the federal courts have generally held, like the state courts above, that the restitution amount is to be limited to the amount charged in the indictment or the count of the indictment to which the defendant pleaded guilty or was convicted. Karrell v. United States, 181 F.2d 981 (9th Cir.1950), cert. denied, 340 U.S. 891, 71 S.Ct. 206, 95 L.Ed. 646 (1950); United States v. Follette, 32 F.Supp. 953 (E.D.Pa.1940). Two federal courts have recently held, however, that a defendant can agree to pay a larger amount in restitution as part of a plea bargain agreement. Phillips v. United States, 679 F.2d 192 (9th Cir.1982); United States v. McLaughlin, 512 F.Supp. 907 (D.Md.1981).
A review of the record in the instant case[1] leads us to conclude that a plea bargain existed in which appellant agreed to make full restitution. It is clear that the trial judge was aware of this agreement *851 and, in fact, had an agreement of his own with appellant to the same effect. Because appellant agreed to make full restitution, the trial judge could impose that as a condition of probation.[2] See Phillips v. United States, supra; United States v. McLaughlin, supra. If appellant wishes to avoid payment of full restitution, her alternative is to serve the five-year prison sentence.
We note that the plea bargain agreement in McLaughlin, supra, was fully entered on the record along with a finding that the defendant voluntarily entered the agreement. In Phillips, supra, the plea bargain was “fully explored in open court.”
Although we affirm appellant’s conviction and find that the trial court committed no error in ordering restitution in an amount exceeding that specified in the indictment, we must remand this cause for a determination of whether the $14,936 claimed as expenses was properly included as restitution. There is no clear indication in the record as to who incurred these expenses. If these expenses were incurred by the State and amounted to investigation expenses they could not properly be included as restitution. United States v. Vaughn, 636 F.2d 921 (4th Cir.1980).
For the reasons stated above, the judgment of conviction by the Montgomery Circuit Court is affirmed and the cause is remanded in part for determination in accordance with this opinion.
AFFIRMED; REMANDED IN PART.
All the Judges concur.
APPENDIX A.
“THE COURT: At the first hearing, not only at the first hearing but even prior to the plea, wasn’t it brought to your attention that they were alleging some ninety thousand dollars worth of restitution in the case?
“MR. McGEE: They were alleging an awful large amount of restitution, but as far as giving me disclosure of documentary evidence, the expenses, to this day, I have never received any nor has the defendant.
“THE COURT: At the conclusion of the first hearing, didn’t I put the case off for two weeks...
“MR. McGEE: Yes, sir, for some time—
“THE COURT: ... And I asked you to get all of your facts together and find out what the case is all about. That they were alleging some ninety thousand dollars worth of restitution?
“MR. McGEE: It was the thirteen hundred dollars, only, which is all we ever admitted to.
“MR. HAWTHORNE: You’re talking about before the plea.
“THE COURT: No, after the plea and you said something about ninety thousand dollars worth of restitution.
“MR. HAWTHORNE: At the plea, before she took the plea, we said we are talking about ninety thousand dollars. All you have to do is look back on the record.
“THE COURT: In your fourth count you said the Court was without jurisdiction to award restitution of the sum of money in excess of that alleged in the indictment. What was your agreement with the Court?
“MR. McGEE: That I would enter a plea of guilty, and we would have a restitution hearing.
“THE COURT: And that full restitution be made over and above what was in the indictment; is that right?
“MR. McGEE: And full disclosure ordered.
“THE COURT: Then why wouldn’t I have jurisdiction? You made that agreement, didn’t you?
“MR. McGEE: But, we didn’t have full disclosure. I don’t think that we had a fair hearing. I think the defense was denied their right to put on-—
*852 “THE COURT: But, based on your agreement on the plea of guilty—
“MR. McGEE: I don’t think that I can confer jurisdiction with any kind of agreement with this Court. I think only statutory law can do that.
“MR. HAWTHORNE: Why did you make the agreement?
“MR. McGEE: It take two.

“THE COURT: Did you ever disclose [to] them prior to the hearing, the amount of money you claimed in restitution?
“MR. HAWTHORNE: Yes, sir, we disclosed that prior to the guilty plea.

“MR. HAWTHORNE: ... We disclosed eighty-nine to ninety thousand dollars prior to the defendant’s pleading guilty, and at that time the Court said whatever the State can show and prove, then I am going to grant as far as restitution. Mr. McGee said that that was fine.
“MR. McGEE: With the understanding I was to receive copies of the documents that you were going to use, which I have not to this day, nor has the defendant, received documents on expenses.

“THE COURT: And I recall at the beginning of the second restitution hearing you filed a motion to limit the restitution to thirteen hundred dollars, and at that time the Court gave you the alternative to back out [of] your plea, go to trial...
“MR. McGEE: True.
“THE COURT: ... or stick to the original agreement, which was to pay whatever restitution was.
“MR. McGEE: I filed a motion because I didn’t think we were sticking to the agreement because of the failure of the District Attorney’s' Office to disclose—
“THE COURT: But then you must have decided you were going to.
“MR. McGEE: My client decided that, Your Honor; not about the agreement, but she didn’t want to go to trial.” [Emphasis added]

. Portions of the record are attached to this opinion as Appendix A.

. We note that the full amount alleged by the State to have been embezzled by appellant was not imposed as restitution by the trial judge.