Thomas R. KIMBRELL, Appellant,

v.

STATE of Alaska, Appellee.

No. 7591.

Court of Appeals of Alaska.

July 8, 1983.

Kevin F. McCoy, Asst. Public Defender, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.

Shannon D. Turner, Asst. Dist. Atty., Thomas M. Wardell, Dist. Atty., Kenai, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

### OPINION *

SINGLETON, Judge.

Thomas R. Kimbrell was convicted on a plea of *nolo contendere* to a charge of third-degree assault, AS 11.41.220(a)(1). This plea was entered pursuant to an agreement with the district attorney that a separate charge would be dismissed, but could be considered at sentencing. At sentencing, Judge Cranston imposed a two-year suspended sentence and, as a special condition of probation, required Kimbrell to pay restitution of $375 in connection with the dismissed charge.

Kimbrell appeals the requirement to pay restitution as a violation of AS 12.55.-100(a)(2) because no compensable loss was sustained from the offense for which Kimbrell was convicted.

From the statute and from *Schwing v. State,* 633 P.2d 311 (Alaska App.1981), it is clear that restitution cannot be required in an amount greater than the loss or damage caused by the offense for which a defendant is convicted. However, the specific situation here was not addressed by the court in *Schwing.*

 Alaska Statute 12.55.100 was derived from federal law. *Gonzales v. State,* 608 P.2d 23, 26 n. 6 (Alaska 1980); *see* 18 U.S.C. § 3651 (1976). In construing the federal act, a Maryland district court reviewed several cases similar to the present case in which there was an agreement concerning dismissed charges and restitution as part of the sentence. *United States v. McLaughlin,* 512 F.Supp. 907 (D.Md.1981). We find the analysis in that case to be persuasive and therefore hold that it is permissible in sentencing a defendant on one charge to impose restitution for a separate dismissed charge if there are specific findings that:

> (1) the amount of loss suffered by an identifiable aggrieved party is certain; (2) the defendant admits, and there is no factual question as to whether, the defendant caused or was responsible for the aggrieved party's loss; and (3) the defendant consents, freely and voluntarily, to make full restitution....

*Id.* at 908. However, Judge Cranston made no findings regarding the agreement between Kimbrell and the district attorney. Unless the court finds that Kimbrell entered into an express agreement to pay restitution for the dismissed charge, the restitution requirement should be deleted.

Special Condition of Probation # 4 is VACATED and the case is REMANDED for further proceedings consistent with this decision.

---

* Originally filed June 8, 1983, as a memorandum opinion and judgment pursuant to Appellate

Rule 214. Publication directed by the court July 8, 1983.