499 A.2d 969

**Bernard LEE**

v.

**STATE of Maryland.**

**No. 181, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Nov. 8, 1985.

Certiorari Granted Feb. 26, 1986.

Victoria S. Keating, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Valerie J. Smith, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, Andrew L. Sonner, State's Atty. for Montgomery County, Janet Webb and Deborah Stevenson, Asst. State's Attys. for Montgomery County on brief, Rockville), for appellee.

Submitted before BISHOP, ADKINS and BLOOM, JJ.

BISHOP, Judge.

Appellant Bernard Lee was charged in a two count indictment with forgery and theft. In accordance with a plea agreement, appellant pled guilty in the Circuit Court for

Montgomery County to the forgery count and the State nolle prossed the theft count. The trial court, based on the plea agreement, imposed a special condition of probation which required appellant to make restitution for the amount of money involved in the nolle prossed theft count.

The only issue is whether the trial judge erred in requiring appellant to make restitution for the amount of money involved in the nolle prossed theft count.

## FACTS

Appellant was charged in the first count of the indictment with forging a check in the amount of $198.00 and in the second count with the theft of currency in the amount of $3,155.00. Before Judge Calvin R. Sanders, appellant pled guilty to the forgery count and the State nolle prossed the theft count. Judge Sanders sentenced appellant to a seven year term of incarceration but suspended all except six months and imposed a three year term of probation. As a special condition of probation, the court directed that appellant make restitution in the amount of $3,155.00, the amount of the currency alleged to have been stolen in the nolle prossed second count.

On August 30, 1982, Judge Sanders found appellant in violation of probation for failing to make timely restitution payments and ordered him to serve the suspended portion of the sentence. Following a hearing on appellant's Motion to Reconsider, Judge Sanders ordered appellant's release under the condition that he make the restitution payments. Because of appellant's further failure to make timely payments, a second Petition to Revoke Probation was filed on April 24, 1984. Appellant then filed a Motion to Correct Illegal Sentence. After a hearing, Judge Sanders denied the motion and subsequently found appellant to again be in violation of probation for having failed to make the restitution payments. Judge Sanders extended appellant's probation for two years and continued the special condition that appellant make restitution.

## DISCUSSION

The restitution provision applicable to appellant's sentencing on June 30, 1981 was Md.Ann.Code art. 27, § 640(b) (1976 Repl.Vol., 1980 Supp.) which provided: [1]

> Upon conviction for a crime where property of another has been stolen, converted, unlawfully obtained, or its value substantially decreased as a direct result of the crime, or where the victim suffered actual medical expenses, direct out of pocket losses, or loss of earnings as a direct result of the crime, the court may order the defendant to make restitution in addition to any other penalty provided for the commission of the crime.

Appellant argues that the Court of Appeals decision in *Walczak v. State,* 302 Md. 422, 488 A.2d 949 (1985) precludes the sentencing judge from imposing restitution pursuant to § 640(b) beyond crimes for which the appellant was convicted. In *Walczak* the Court of Appeals agreed with this Court's opinion in *Mason v. State,* 46 Md.App. 1, 415 A.2d 315 (1980) that the statutory provisions limited restitution to crimes for which the defendant had been convicted. 302 Md. at 430–31, 488 A.2d at 953–54. *See Mason,* 46 Md.App. at 6, 415 A.2d at 315. Specifically, the Court of Appeals in *Walczak* found error in the trial court's imposi-

---

1. The 1981 version of § 640(b) took effect on July 1, 1981. *See* § 640 (1976 Repl.Vol., 1981 Supp.). The current version provides the sentencing judge in subsection (b)(1) with essentially the same powers as the previous versions:

    On conviction of a crime, the court may order the defendant to make restitution in addition to any other penalty for the commission of the crime, if:

    (i) Property of the victim was stolen, converted, unlawfully obtained, or its value substantially decreased as a direct result of the crime;

    (ii) The victim suffered actual medical expenses, direct out-of-pocket losses, loss of earnings as a direct result of the crime; or

    (iii) The victim incurred medical expenses that were paid by the Department of Health and Mental Hygiene or any other governmental entity.

    (1982 Repl.Vol., 1985 Supp.).

tion of restitution for nolle prossed counts. 302 Md. at 430, 488 A.2d at 953.

At first blush it does appear that the restitution imposed in this case for the nolle prossed count is precluded by *Walczak.* The Court of Appeals, however, noted that federal cases had developed a narrow exception to the rule set out in *Walczak.* 302 Md. at 432 n. 3, 488 A.2d at 954 n. 3. In a series of cases federal courts have approved the imposition of restitution as a condition of probation beyond the counts for which a criminal defendant is convicted where such restitution is an express condition of a plea bargain, *United States v. Suter,* 755 F.2d 523, 526–27 (7th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 2331, 85 L.Ed.2d 848 (1985) (agreed amount of restitution for mail fraud scheme in plea bargain exceeded monetary loss for actual conviction and indictment); *Phillips v. United States,* 679 F.2d 192, 194–96 (9th Cir.1982) (defendant agreed to make restitution beyond amount involved in the conviction, in plea agreement which was explored at the guilty plea hearing and to which defendant subsequently agreed by stipulation); *United States v. McLaughlin,* 512 F.Supp. 907, 908–12 (D.Md.1981) (defendant agreed to make restitution for full amount charged in indictment as part of plea agreement, and affirmed the agreement at sentencing),[2] or where the defendant admits liability for specific amounts of restitution in some other manner. *United States v. McMichael,* 699 F.2d 193, 194–95 (4th Cir.1983) (defendant "freely admitted" total amount due beyond amount involved in conviction); *United States v. Davies,* 683 F.2d 1052, 1054–55 (7th Cir. 1982) (defendant "repeatedly acknowledged" the full monetary scope of criminal activity); *United States v. Landay,* 513 F.2d 306, 307–08 (5th Cir.1975) (defendant signed consent judgment in favor of victim of unconvicted counts and voluntarily admitted entire amount owed); *United States v.*

---

**2.** In *McLaughlin,* Judge Miller presents a concise analysis of the development of the federal caselaw on this point. 512 F.Supp. at 910–12.

*Black,* 589 F.Supp. 594, 597–99 (D. Oregon 1984) (stipulation as to total restitution owed).[3]

■ Following the exception noted in *Walczak* as applied in the federal cases cited above, we expressly hold that where a defendant either in a plea agreement or by some other method acknowledges a specific obligation to make restitution beyond the amount involved in the crime of which he is convicted, the trial court may order restitution of that amount. This holding allows a criminal defendant to take responsibility for counts which would otherwise be lost in plea agreement haggling. Further, to rule otherwise would perpetuate a situation referred to by Judge Miller in *United States v. McLaughlin,* 512 F.Supp. at 912, where criminal defendants acknowledge their liability and state a desire to make restitution in plea negotiations in order to bargain away some counts, and then later attack the restitution for the unconvicted counts as being illegal sentences. *Cf. Rojas v. State,* 52 Md.App. 440, 443–47, 450 A.2d 490, 493–94 (1982) (analogizing to contract principles in order to interpret fairly and enforce plea bargains).

■ We must, therefore, decide whether the instant case falls within this exception. At the May 18, 1981 plea hearing the State presented the following plea agreement to Judge Sanders:

MS. WEBB [Assistant State's Attorney]: Pursuant to discussions between Mr. Scheraga on behalf of his client Bernard Lee and Michael Mason on behalf of the State, it is my understanding that this morning Mr. Lee will enter a plea of guilty to Count One of the indictment, which charges the offense of Forgery.

---

3. The Court in *Walczak* also cites *United States v. Tiler,* 602 F.2d 30 (2nd Cir.1979) as applying this exception. 302 Md. at 432 n. 3, 488 A.2d at 954 n. 3. *Tiler,* however, goes to the point of whether restitution can be ordered for a conspiracy conviction rather than whether restitution can be based on a defendant's agreement to pay despite the lack of a conviction. *See* 602 F.2d at 33–34.

This is a violation of Article 27, Section 44 of the Annotated Code of Maryland, and carries a maximum period of incarceration of ten years.

The plea is to be heard before Your Honor, and at the time of the entry of the plea of guilty, the State will proffer the facts relating to all pending charges.

As a condition of this agreement, Mr. Lee is to make a full admission of guilt and offer neither a nolo contendere nor an Alfred [sic]-type plea.

With reference to the sentencing, the State would reserve its right to allocate—*particularly to seek restitution to victims in these cases.*

If Your Honor accepts this plea, the State would enter a nolle prosequi to the remaining count of this indictment at the time of sentencing.

(emphasis added).

Appellant's trial counsel stated that the agreement was set forth correctly and appellant indicated his desire to enter a guilty plea under the stated conditions. In support of the guilty plea, the State presented a statement of facts which included an admission by appellant to the police that he had forged the 14 checks and also that he desired to make full restitution. Appellant's counsel and appellant both acknowledged that the facts as described by the State were correct, and the trial court found the facts to be sufficient to support the plea. Appellant's counsel then spoke to the facts as presented, and again emphasized appellant's desire to make restitution.

At the January 21, 1985 hearing on appellant's Motion to Correct an Illegal Sentence, Judge Sanders reviewed the transcript of the plea proceedings [4] and stated the following:

---

**4.** No transcript of the actual sentencing has been provided this Court. We must therefore assume appellant did not express an objection to the imposition of restitution at the sentencing. Md.Rule 1026. *See Terrell v. State,* 34 Md.App. 418, 424, 367 A.2d 95, 99 (1977); *VanMeter v. State,* 30 Md.App. 406, 410, 352 A.2d 850, 853, cert. denied, 278 Md.

All right since we last met, I have had the chance to see the transcript of the plea hearing. I do not have the transcript of the sentencing hearing but I am advised that there was no indication of any request for a specific amount of restitution by the State's Attorney. But also there was no objection raised by the defendant when the restitution was set at the amount that it was set at.

We all know that the record docket entry shows that the amount of restitution was ordered to be $3,155 and payable by the end of this probationary period.

She [the Assistant State's Attorney] indicated, . . . as a condition of this agreement, plea agreement, . . . the State will proffer the facts relating to all pending charges,. . . . As a condition of this agreement Mr. Lee is to make full admission of guilt and offer neither a nolo contendere or an Alfred type plea.

With reference to the sentencing, she said, the State would reserve its right to allocate, particularly to seek restitution to victims in these cases. Clearly a plural designation. Later on, Mr. Scheraga, who was Mr. Lee's attorney at the time, in allocution, or even before allocution, indicated that when he was arrested, he was cooperative, he made admission, full admission as to all of the 14 checks and said to each of them that he wants to make restitution for them.

I am certain that it was based upon that that the Court imposed the requirement that he make restitution with regard to the other checks as well, even though the guilty plea was only as to one count. . . .

Appellant's counsel then argued that while the State had reserved the right to seek restitution and appellant had indicated that he would make restitution, that the issue was not specifically addressed as to the nolle prossed count at

---

737 (1976). The failure to object, however, does not prevent review by this court of the alleged illegal sentence. *Brecker v. State,* 304 Md. 36, 40–41, 497 A.2d 479, 480–481 (1985); *Walczak,* 302 Md. at 427, 488 A.2d at 951.

the plea hearing. Further, appellant's counsel asserted that this Court's holding in *Mason* precluded restitution beyond the forgery count. Judge Sanders then responded:

Well, I will tell you this and you can do what you want about it. I will tell you this. The only reason he did not go to jail for a longer period of time was so that he could make restitution to these other victims and if he wants to renege on that then I am going to send him to jail and it is that simple. That was my understanding and that was his understanding, it was his counsel's understanding and the State's Attorney's. If I knew that this was going to be an issue and he raised it then, I would never have suspended the balance of that sentence.

That is what I had in mind. I thought that he wanted to make restitution. I believed him when he told me that and I relied on it and I imposed the sentence in accordance with that belief and understanding. Mr. Lee, I am not going to change it. If you can get the Court of Appeals to tell me to do it, I will do it, but I am not going to do it.

I stand by my agreement and I expect you to stand by yours. So, your Motion is denied, Sir.[5]

We hold that Judge Sanders was correct in concluding that part of appellant's plea agreement was to make restitution as to the nolle prossed theft count and since that restitution was part of the plea bargain, this case falls within the previously defined exception to *Walczak.* The restitution was a valid condition of appellant's probation, and Judge Sanders did not err in finding appellant in violation of probation for failing to make the scheduled payments.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.

---

**5.** This is precisely the kind of situation which we alluded to above. *See McLaughlin,* 512 F.Supp. at 912.