512 A.2d 372

**Bernard LEE**

v.

**STATE of Maryland.**

**No. 150, Sept. Term, 1985.**

Court of Appeals of Maryland.

July 24, 1986.

Victoria S. Keating, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Mary Ellen Barbera, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

MURPHY, Chief Judge.

The question presented is whether, in light of *Walczak v. State*, 302 Md. 422, 488 A.2d 949 (1985), a defendant in a criminal case may, as part of a plea agreement, lawfully be

ordered to pay restitution in an amount greater than that involved in the crime of which he was convicted.

## I.

Bernard Lee was charged in the Circuit Court for Montgomery County in a two-count indictment (1) with having forged a check on August 18, 1980 in the amount of $198 in violation of Maryland Code (1982 Repl. Vol.), Article 27, § 44 and (2) with theft of $3,155 between the dates of July 31 and September 12, 1980 in violation of Article 27, § 342. Pursuant to plea negotiations between the parties, Lee agreed to plead guilty to the forgery count; in return, the prosecutor agreed to nol-pros the theft count. At trial before Judge Sanders, the prosecutor informed the court of the plea negotiation, stating that when Lee entered his plea of guilty to the first count, "the State would proffer the facts relating to all pending charges"; that as a condition of the plea agreement Lee would make "a full admission of guilt"; and that the prosecution would reserve the right "to seek restitution to victims in these cases." After the court had ascertained that Lee had voluntarily assented to the plea agreement, the prosecutor set forth a factual basis to establish Lee's guilt of both the forgery and the theft counts. Asked whether he agreed with the State's factual proffer, Lee said that he did and, further, that he wanted to make restitution. Thereafter, the court sentenced Lee to a term of seven years' imprisonment, suspending all but six months upon the expiration of which Lee would be placed on probation for three years. At the time of sentencing, Lee signed an "Order of Probation" in which he agreed, as a condition of probation, to pay restitution of $3,155, the amount of loss charged in the nol-prossed theft count.

Upon Lee's failure to pay the required restitution, a petition was filed to revoke his probation. At the probation revocation hearing before Judge Sanders, Lee argued that in view of the nol-pros of the theft count the court lacked authority to order restitution in an amount greater than $198, that being the loss involved in the forgery offense to

which he had pleaded guilty. After reviewing the terms of the plea agreement, Judge Sanders revoked Lee's probation, concluding that Lee had expressly agreed to make restitution to the "victims" of the offenses charged in the indictment; that this was a "plural designation"; and that it was upon this basis that the court ordered restitution in the full amount of $3,155.

On appeal, Lee argued to the Court of Special Appeals that under *Walczak v. State, supra,* he could not be ordered to pay restitution of the $3,155 loss alleged in the theft count because he had not been convicted of that offense. The intermediate appellate court affirmed the judgment in *Lee v. State,* 65 Md.App. 149, 499 A.2d 969 (1985). It there concluded that consistent with our holding in *Walczak,* "where a defendant either in a plea agreement or by some other method acknowledges a specific obligation to make restitution beyond the amount involved in the crime of which he is convicted, the trial court may order restitution of that amount." 65 Md.App. at 154, 499 A.2d 969. We granted certiorari to consider whether the challenged order of restitution violated the principles announced in *Walczak.*

## II.

In *Walczak,* the question was whether "a trial court may order a defendant to pay restitution to a victim of a crime of which the defendant was not convicted." 302 Md. at 423–24, 488 A.2d 949. In that case the defendant was charged with robbing two different victims. Pursuant to an agreement between the defendant and the State, Walczak was tried for only one robbery, as to which he pleaded not guilty and submitted on an agreed statement of facts. Upon his conviction for this offense, the State nol-prossed the other robbery count. At sentencing, the court, as a condition of probation, ordered the defendant to make restitution in the full amount of the loss sustained by the victims of both robberies. Without objection, Walczak signed an order of

probation requiring the payment of restitution to both victims.

We held that restitution under Maryland's governing statute is imposed as punishment for the crime of which the defendant has been convicted.[1] We said that restitution depends "on the existence of that crime, and the statute authorizes the court to order restitution only where the court is otherwise authorized to impose punishment." 302 Md. at 429, 488 A.2d 969. We, therefore, concluded that the trial court exceeded its statutory authority in requiring Walczak to pay restitution to the victim of a robbery of which he had not been convicted. In so concluding, we noted that courts in some jurisdictions have developed a "narrow exception" to the general rule "in cases in which a defendant has entered a plea agreement for restitution of greater amounts than those involved in the crime for which conviction was had." *Id.* at 432 n. 3, 488 A.2d 969. We observed, however, that "[n]o such plea agreement was entered into in the case at bar." *Id.*

### III.

■ The terms upon which probation may be granted include the payment of restitution—a condition imposed for the fundamental purpose of rehabilitating the defendant and affording the aggrieved victim recompense for monetary loss. *Coles v. State,* 290 Md. 296, 305–06, 429 A.2d 1029 (1981). That the restitution process is designed to achieve these purposes is widely recognized. *See, e.g., United States v. Buechler,* 557 F.2d 1002 (3d Cir.1977);

---

1. Code, Art. 27, § 640(b) then provided:

   "Upon conviction for a crime where property of another has been stolen, converted, unlawfully obtained, or its value substantially decreased as a direct result of the crime, or where the victim suffered actual medical expenses, direct out of pocket losses, or loss of earning as a direct result of the crime, the court may order the defendant to make restitution in addition to any other penalty provided for the commission of the crime."

   Although since reformulated by amendment, the current version of § 640(b) is essentially the same.

*United States v. McLaughlin,* 512 F.Supp. 907 (D.Md.1981); *State v. Bausch,* 83 N.J. 425, 416 A.2d 833 (1980). We think the General Assembly clearly intended the attainment of these objectives when it enacted Maryland's restitution statute, Art. 27, § 640(b), *see* n. 1, *supra.*

Under the federal probation and restitution statute, 18 U.S.C. § 3651, a conviction is a prerequisite to a probationary sentence and may be accompanied by an order to pay restitution "to aggrieved parties for actual damages or loss caused by the offense for which conviction was had." Some courts have interpreted the federal statute to permit an order of restitution, as a condition of probation, in an amount greater than that involved in the crime to which a guilty plea was entered in pursuance of a plea agreement (1) where the additional loss, as charged in other counts of the indictment nol-prossed under the plea agreement, is reasonably determinable; (2) the defendant admits the criminal conduct causing such additional loss; and (3) freely and voluntarily agrees to make full restitution for all losses as part of the plea negotiation. *See, e.g., United States v. Woods,* 775 F.2d 82 (3d Cir.1985); *United States v. Suter,* 755 F.2d 523 (7th Cir.), *cert. denied,* 471 U.S. 1103, 105 S.Ct. 2331, 85 L.Ed.2d 848 (1985); *United States v. Orr,* 691 F.2d 431 (9th Cir.1982). *See also United States v. Gering,* 716 F.2d 615 (9th Cir.1983); *Phillips v. United States,* 679 F.2d 192 (9th Cir.1982).

*United States v. McLaughlin,* 512 F.Supp. 907 (D.Md. 1981) is a leading authority supporting this result. There, the defendant was charged in a five-count indictment with embezzling a total of $1,811 from her employer. Pursuant to a plea agreement, the defendant pleaded guilty to the first count and the Government dismissed the remaining counts upon the understanding that, as a condition of probation, the defendant would expressly agree to make restitution in the total amount charged in the indictment. The trial judge determined that the defendant freely and voluntarily agreed to make full restitution and that she in fact was guilty of embezzling $1,811, as alleged in the indict-

ment. The question presented to the court was "the legality of requiring full restitution as a condition of probation when the defendant has been convicted on only one count of a multicount indictment through the court's acceptance of a guilty plea pursuant to a plea agreement." *Id.* at 908. After considering the purposes underlying 18 U.S.C. § 3651 and that the amount of restitution required as a condition of probation exceeded the amount of loss caused by the "offense for which conviction was had," the District Court (Miller, J.) concluded that it had the authority under the statute to order full restitution as a condition of probation where "(1) the amount of loss suffered by an identifiable aggrieved party is certain; (2) the defendant admits, and there is no factual question as to whether, the defendant caused or was responsible for the aggrieved's party's loss; and (3) the defendant consents, freely and voluntarily, to make full restitution and that it be a condition of probation." *Id.*

The court in *McLaughlin* indicated that it would be contrary to the goals of probation, and would have significant practical ramifications for both society and defendants, to interpret § 3651 to prohibit the restitution order there imposed. *Id.* at 912. It reasoned:

"First, plea-bargaining in situations involving multicount indictments would be severely restricted. If a defendant could not consent to make restitution for the actual loss caused by his or her conduct relating to the indictment, and have such be a condition of any probation he or she might receive, then the government would have little reason to dismiss indictment counts in order to limit a defendant's potential period of incarceration. More importantly, however, it would frustrate the rehabilitation goals of the probation system.... The primary purpose of restitution as a condition of probation is to foster, in a direct way, a defendant's acceptance of responsibility for his or her unlawful actions. To permit a defendant who freely admits his or her guilt, and the amount of loss caused thereby, to avoid making the

aggrieved party at least economically whole is intolerable from a societal perspective." *Id.*

A like rationale has been applied by a number of state courts in construing similar statutes to permit the payment of restitution in an amount greater than that involved in the crime for which the defendant was convicted where he expressly so agreed in pursuance of a plea negotiation. *See, e.g., Ex Parte Killough,* 434 So.2d 852 (Ala.) *cert. denied sub nom., Killough v. Alabama,* 464 U.S. 1008, 104 S.Ct. 525, 78 L.Ed.2d 708 (1983); *Kimbrell v. State,* 666 P.2d 454 (Alaska Ct.App.1983); *State v. Reese,* 124 Ariz. 212, 603 P.2d 104 (Ct.App.1979); *Dent v. State,* 432 So.2d 163 (Fla.Dist.Ct.App.1983).

## IV.

In the present case Lee pleaded guilty to forgery—one of two counts in an indictment charging related criminal acts involving the passage of fourteen bad checks by means of which Lee admittedly stole $3,155 from the First National Bank. The guilty plea was in pursuance of a plea agreement, the State agreeing to nol-pros the theft count upon the further understanding with the defendant that he would expressly consent, as a condition of probation, to the payment of full restitution for the theft offense. Thus, in addition to the forgery conviction, there was a judicial admission of guilt to the criminal acts underlying the theft loss, together with Lee's consent to make restitution in the full amount—all as part of a plea agreement between the parties. In such circumstances, we think the purpose of the legislature in enacting § 640(b) can only be gratified by holding, consistent with *Walczak,* that the restitution order in this case was properly entered. *Walczak* did not, of course, involve a plea agreement, as here, to pay restitution under a nol-prossed count; on the contrary, we anticipated cases like that now before us when, in *Walczak,* 302 Md. at 426 n. 1, 488 A.2d 949, we pointed to the narrow exception to the general rule which we have here applied.

■ In so concluding, we have carefully considered Lee's argument that even if the exception noted in *Walczak* is applicable in this case, nevertheless the restitution order was unlawful because the amount of the theft loss sustained by the victim was not judicially determined at trial with the requisite degree of specificity; and, consequently, Lee could not have expressly consented to make restitution of $3,155, the amount of the loss alleged in the theft count. Although somewhat lacking in detail, we think the record sufficiently demonstrates that the $3,155 loss charged in the nol-prossed theft count, to which Lee admitted his guilt in open court, was clearly· based on amounts which he received from the passage of the fourteen bad checks. Absent any contrary indications, we think the trial court, by its imposition of restitution in the precise amount of that count, judicially determined that this was the amount actually stolen from the bank. Thus, within the formulation of the *McLaughlin* case, the trial court could fairly conclude that the amount of the theft loss was a sum certain and was suffered by an identifiable victim; and that in view of Lee's express admission that he caused the bank's loss in the specified sum, and freely and voluntarily wanted to make full restitution as part of a plea agreement, it was appropriate to enter the restitution order in this case.

JUDGMENT AFFIRMED, WITH COSTS.