**J.M., A Minor, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3155.**

Court of Appeals of Alaska.

Feb. 9, 1990.

J. John Franich, Asst. Public Advocate, Fairbanks, and Brant McGee, Public Advocate, Anchorage, for appellant.

Scott Davis, Asst. Atty. Gen., Fairbanks, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

J.M., a minor child, entered admissions to a petition which charged him with two counts of burglary in the first degree and two counts of theft in the third degree. Count III of the petition charged J.M. with burglary for entering the dwelling of Todd Larreau with the intent to commit the crime of theft. Count IV charged J.M. with theft for stealing a pair of sunglasses which belonged to Todd Larreau. Additionally, Judy Larreau, who is Todd Larreau's mother, reported that she lost jewelry during the burglary. Apparently J.M.'s accomplice stole the jewelry.

Superior Court Judge Mary E. Green ordered J.M. to pay restitution of $615.94, one-half of Judy Larreau's loss. J.M. did not dispute the amount of Judy Larreau's loss. However, he contended that the superior court did not have the authority to order him to pay restitution for this loss. J.M. appeals to this court, and we affirm.

Alaska Statute 47.10.080(b)(4) authorizes the court to order "suitable restitution" if the court finds that the minor is delinquent. "Suitable restitution" is not defined in Title 47 and is not addressed in the Delinquency Rules. However, the parties to this case agree that it is appropriate to refer to AS 12.55.100(a)(2) to interpret "suitable restitution." Alaska Statute 12.55.100(a)(2) provides that:

> (a) While on probation and among the conditions of probation, the defendant may be required ... (2) to make restitution or reparation to aggrieved parties for actual damages or loss caused by the crime for which conviction was had.

J.M. points out that he was convicted of burglary for entering the dwelling of Todd Larreau with the intent to commit the crime of theft and that the theft that he admitted committing was a theft of sun-

glasses, the property of Todd Larreau. J.M. argues that the theft of Judy Larreau's jewelry was not a "loss caused by the crime for which conviction was had." The state contends that Judy Larreau's loss was caused by J.M.'s burglary, arguing that J.M. was legally accountable for the actions taken by his companion during the burglary under an accomplice liability theory. AS 11.16.110(2)(B). The state points to language in three reported Alaska cases suggesting that restitution for the amount of loss from theft may be appropriate where the defendant is convicted of burglary. *Reynolds v. State*, 736 P.2d 1154, 1155–56 (Alaska App.1987); *Tate v. State*, 711 P.2d 536, 540 (Alaska App.1985); and *Snyder v. State*, 661 P.2d 638, 640 (Alaska App.1983). However, these cases are of limited value since they did not involve challenges to restitution awards.

This court and the supreme court have decided several cases dealing with restitution awards and interpreting AS 12.55.-100(a)(2). In *Schwing v. State*, 633 P.2d 311 (Alaska App.1981), the trial court awarded restitution for money which police undercover agents had paid to the defendant for cocaine. We concluded that under AS 12.55.100(a)(2) the court only had the authority to require the defendant to pay restitution for the two cocaine sales for which he had been convicted and could not require him to pay restitution based upon counts of sale of cocaine which had been dismissed. *Id.* at 313–14. Similarly, in *Nelson v. State*, 628 P.2d 884 (Alaska 1981), the supreme court held that where the defendants had been convicted of receiving and concealing stolen property, under AS 12.55.100(a)(2) the court could only require them to pay restitution based upon the losses from that offense. The supreme court reversed a trial court order requiring the defendants to pay restitution for all losses which occurred from burglaries where the property had originally been stolen. *Id.* at 895. The court held that "the restitution award [must be] limited to the values of the actual items found to be part of the stolen goods that were received and concealed by [the defendants]. *Id.* (footnote omitted). In both cases the state conceded that the restitution awards were im-

proper because the awards were not for losses "caused by the crime for which conviction was had." *Id.; Schwing*, 633 P.2d at 313–14.

In *Fee v. State*, 656 P.2d 1202 (Alaska App.1982), Fee was convicted of criminal mischief in the third degree for damaging a bicycle. Criminal mischief in the third degree applies to a person who damages property of another "in an amount of $50 or more but less than $500." AS 11.46.-484(a)(1). In *Fee*, the trial court awarded restitution of $871.20. Fee contended that under AS 12.55.100(a)(2) the court did not have the authority to award more than $500, the jurisdictional limit described in AS 11.46.484(a)(1). We upheld the trial court's award of $871.20 restitution. We concluded that the state had shown that this was the amount of "actual damages or loss caused by the crime for which conviction was had" even though the amount of damage was greater than the maximum amount provided under the statute. *Id.* at 1205.

Unlike in *Nelson* and *Schwing*, the trial court in this case did not order J.M. to pay restitution for a crime for which he had not been convicted. J.M.'s case is more like *Fee*, where the restitution award was a direct result of the crime for which the defendant was convicted.

We conclude that the superior court could properly require J.M. to pay restitution for jewelry which was taken during the burglary which he admitted and for which the superior court adjudicated him a delinquent. J.M. has not contested the fact that his participation in the burglary made him legally accountable as an accomplice of the theft of the jewelry. The loss of the jewelry was a direct result of the burglary. Therefore, it seems proper to say that the loss of the jewelry was an "actual … loss caused by the crime for which conviction was had."

We accordingly AFFIRM the judgment of the superior court.