808 P.2d 1322

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Norman Ray MARTIN, Defendant–Respondent.**

**No. 18094.**

Supreme Court of Idaho, Boise, December 1990 Term.

April 8, 1991.

578

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-appellant. Myrna A.I. Stahman argued.

Van G. Bishop, Nampa, for defendant-respondent.

PER CURIAM.

This is a criminal sentencing case in which the state appealed from a withheld judgment. The dispositive issue is whether the state has a right to appeal from the imposition of terms and conditions of probation when the state did not raise the issue of the illegality of those terms and conditions in the trial court. We hold that the state does not have the right to appeal.

I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Norman Ray Martin pled guilty to felony driving without privileges. The trial court granted Martin a withheld judgment and placed Martin on unsupervised probation for one year. As one of the terms and conditions of the probation, the trial court required Martin to serve thirty days in jail, with twenty of these days suspended. Another term and condition of the probation was a three-year suspension of Martin's driver's license, with two of these years suspended.

The state did not object to these terms and conditions or seek to have the withheld judgment corrected. Instead, the state appealed, contending that the trial court did not have authority to suspend either a portion of the mandatory minimum thirty days in jail required by I.C. § 18–8001(4)(a), or a portion of the three-year driving privilege suspension required by I.C. § 18–8001(4)(c).

II.

### THE STATE DOES NOT HAVE A RIGHT TO APPEAL.

Martin asserts that the state is not entitled to challenge the terms and conditions of the withheld judgment because the state did not give the trial court an opportunity to consider the legality of these terms and conditions. We agree.

An appeal as a matter of right may be taken to this Court from an order granting a withheld judgment. I.A.R. 11(c)(2). The state filed its notice of appeal pursuant to I.A.R. 11(c)(1), which allows appeal from "[f]inal judgments of conviction." Since this case involves a withheld judgment and not a final judgment of conviction, the state designated the wrong subsection of I.A.R. 11(c) in its notice of appeal. This, however, is not dispositive. In *State v. Wagenius*, 99 Idaho 273, 276, 581 P.2d 319, 322 (1978), the Court held that "[a]n order withholding judgment, but imposing the criminal sanctions of payment of costs or a fine or incarceration, is a *de facto* judgment of conviction. . . ."

The more serious problem with the state's appeal is the state's failure to raise in the trial court the legality of the terms

and conditions of the probation, which the state now questions. We will not address on appeal a challenge to the legality of a sentence where the trial court was not given an opportunity to consider the issue. We have not been requested to exercise the plenary power granted us by art. 5, § 9 of our constitution to review decisions of the district courts. Therefore, we will not consider reviewing the issue raised by the state pursuant to that power.

I.C.R. 35 allows the trial court to correct an illegal sentence at any time, on the motion of either the defendant or the state. If objection to the illegality of a sentence has not been otherwise raised before the trial court by either the state or the defendant, it may not be raised for the first time on appeal. The state or a defendant may challenge the legality of the sentence in the trial court under I.C.R. 35 and appeal from the trial court's ruling if necessary.

### III.

### CONCLUSION.

We dismiss the appeal.