817 P.2d 1097

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Timothy Jay HILDRETH, Defendant–Appellant.**

**No. 19141.**

Court of Appeals of Idaho.

Sept. 30, 1991.

Alan E. Trimming, Ada County Public Defender, Mark F. Stewart, Deputy Ada County Public Defender, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Pursuant to a plea bargain, Timothy Hildreth pled guilty to driving under the influence, a felony; aggravated assault, a felo-

ny; and he admitted to being a persistent violator of the law. The district court sentenced Hildreth to a twenty-year term with a five-year minimum period of incarceration for driving under the influence and an identical concurrent sentence for aggravated assault. Hildreth appeals, contending the court abused its discretion in sentencing. We affirm.

From information in the record of the plea and sentencing hearings, the state's evidence in support of these charges may be summarized as follows. On July 22, 1990, Hildreth attempted to purchase beer at a Boise supermarket with an out-of-town check. He appeared to be intoxicated. Store employees refused to accept the check and Hildreth became angry, hitting one employee in the face with his fist. Another employee called the police. As Hildreth left the store, intending to drive away, the employees attempted to restrain him until police arrived. In the course of a scuffle, Hildreth struck two of the employees and got into his vehicle. While the employees were trying to observe his license number, Hildreth drove his pickup at them and they barely escaped being hit.

A police officer later observed Hildreth speeding and driving erratically. The officer stopped the vehicle. Hildreth stumbled when he got out and smelled of alcohol. The officer administered one field sobriety test before Hildreth admitted he was drunk. Because Hildreth had either pled guilty or had been found guilty of driving under the influence of alcohol or drugs (DUI) two or more times within the previous five years, he was charged with the felony DUI. I.C. §§ 18–8004, –8005(3). For attempting to run down the two store employees he was charged with aggravated assault, a felony. I.C. §§ 18–901(a), –905(b). He was also charged with two misdemeanor counts of battery for striking the store employees. I.C. § 18–903(b). Finally, after Hildreth was held to answer on

these charges, a supplemental prosecutor's information was filed, charging him with being a persistent violator of the law. I.C. § 19–2514.

■ Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead,* 120 Idaho 141, 814 P.2d 401 (1991); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence may represent a "clear abuse of discretion" if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982); *State v. Toohill, supra.* "[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence longer than necessary for these purposes is unreasonable." *Id.,* 103 Idaho at 568, 650 P.2d at 710. "An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria." *Id.* For purposes of reviewing a unified sentence, generally our primary focus will be upon the minimum period of confinement, although the length of the overall sentence will also be considered. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989).

As mentioned at the outset, for each of the crimes of DUI and for aggravated assault Hildreth received a twenty-year sentence with a five-year minimum period of confinement. The sentences are concurrent. Because Hildreth admitted the allegation that he was a persistent violator, as defined by I.C. § 19–2514, he could have received a sentence of life imprisonment for both of these felonies.[1]

---

1. We make this statement with some qualification. The information charged Hildreth with felony DUI, under I.C. § 18–8005(5), alleging that on July 22, 1990, he unlawfully drove his vehicle "while under the influence of alcohol and/or drugs, while having pled guilty to or

having been found guilty of at least two violations of I.C. § 18–8004 within the previous five years." Subpart (a) of § 18–8005(5) provides that any person who pleads guilty to or is found guilty of three (3) or more violations of § 18–8004 within five (5) years, shall be guilty of a

The record indicates that Hildreth has been an incorrigible offender. Prior to the present offense, his record shows thirteen arrests for DUI. Two of these resulted in felony convictions and at least six more ended with pleas or verdicts of guilty. The presentence investigation report showed that Hildreth was charged with four new DUI offenses in the months following his arrest in the present case. As part of the plea bargain, the state announced it would not proceed with these prosecutions. Additionally, Hildreth has been arrested numerous times for driving while his license was suspended, and he has dozens of arrests and convictions for various misdemeanor offenses over the past thirty years. Hildreth admits that he has sniffed glue habitually since age fifteen. He also admits that his drinking brings out the worst in him. The district judge was concerned because Hildreth has shown a violent temper, making him belligerent, aggressive and dangerous when drinking. The battery and assault of the store employees in the present case was not an isolated incident. Hildreth has previously been convicted of battery and of resisting arrest.

The judge below fairly considered each of the sentencing factors. He noted that Hildreth undoubtedly had been an outstanding worker who could be a productive member of society but for his alcohol and glue addictions. However, the protection of society was properly considered to be of primary importance in arriving at an appropriate sentence. Hildreth is a longtime alcoholic. He has undergone counseling and treatment. He has been given probation, paid fines and been incarcerated several times, and nothing has worked to stop his driving while intoxicated. No short-term rehabilitative program has been shown to be effective in Hildreth's case. We conclude that the five-year minimum period of incarceration is reasonable.

Also, the fifteen-year indeterminate part of these sentences is reasonable in light of Hildreth's numerous prior alcohol-related driving offenses. Given his extensive history of repetitive unlawful behavior, the sentencing judge was well-justified in imposing a lengthy indeterminate sentence. Hildreth should no longer be permitted to endanger the general law-abiding public with his problems. If he is released on parole after five years without having personally resolved his substance abuse problems, he must realize that repetition of his unlawful behavior will result in continued lengthy incarceration. The protection of the public requires no less. His pattern of behavior justifies a sentence that will quickly extend the public's protection if there is any resumption of that behavior after he is released on parole.

After reviewing the record, we conclude that Hildreth's sentences are not unreasonable. Accordingly, we affirm the judgment of conviction imposing the sentences.

WALTERS, C.J., and SILAK, J., concur.

---

felony, and "(a) Shall be sentenced to the custody of the state board of correction for *not to exceed five (5) years....*" (Emphasis added.)

Apparently, in this case, the two prior DUI violations upon which the state relied happened to be felonies. In charging Hildreth with being a persistent violator under I.C. § 19–2514, these same two prior felony convictions were alleged in Part II of the state's information.

In arguing that his twenty-year sentence for DUI is excessive, Hildreth has not contended that his sentence exceeds the maximum permissible sentence specified by I.C. § 18–8005(5)(a). Obviously, the state assumes that a life sentence is allowed under I.C. § 19–2514. Because no contention has been made that Hildreth's sentence is illegal, we expressly decline to address the possible conflict in this case between these two statutes. If either party deems the legality of the sentence to be in question, it may still be raised in the district court under I.C.R. 35. *See, e.g., State v. Martin,* 119 Idaho 577, 808 P.2d 1322 (1991).