835 P.2d 1364

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John E. GOODSON, Defendant–Appellant.**

**No. 19566.**

Court of Appeals of Idaho.

Aug. 5, 1992.

Alan E. Trimming, Ada County Public Defender, Amil N. Myshin, Jr., Sr. Trial Atty., for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

On October 12, 1990, an information was filed charging John Goodson with three counts of felony burning property not subject to arson and four counts of misdemeanor firing timber or prairie lands. I.C. §§ 18–7003, –7004. On January 8, 1991, Goodson pled guilty to burning property not subject to arson, and firing timber or prairie lands. Thereafter, the district court sentenced Goodson to a five-year unified sentence with two-years fixed and three-years indeterminate for burning property not subject to arson and two one-year terms in the Ada County Jail for firing timber or prairie lands, all sentences to run concurrently. Goodson was also ordered to pay restitution in the amount of $32,762.97. Following a period of retained jurisdiction on the felony charge, the court relinquished jurisdiction but reduced the minimum period of incarceration to one year, with credit for time served. Goodson seeks review and reduction of his sentences.

We treat the fixed portion of a unified sentence as the term of confinement for our review. *State v. Broadhead,* 120 Idaho 141, 814 P.2d 401 (1991) *overruled on other grounds* by *State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992); *see also* I.C. § 19–2513 (Unified Sentencing Act). Goodson's sentence for burning property not subject to arson is not illegal. *See* I.C. § 18–7003. Therefore, relief can only be granted if Goodson shows that his sentences are unreasonable and that the district court clearly abused its sentencing discretion. *State v. Broadhead, supra.* This requires a showing that under any reasonable view of the facts, his sentences

were excessive in light of the primary sentencing goal of the protection of society, and the related goals of deterrence, rehabilitation, and retribution. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

The crimes consisted of setting fire to a fence and prairie lands in the Boise foothills in July and August of 1990. The potential danger to property and human life in the Boise foothills resulting from fire was great. The presentence investigation report (PSI) indicates that Goodson has been interested in fire, having followed emergency vehicles to scenes, as well as photographing fires and fire fighting equipment.

At the time Goodson entered his guilty pleas, he filed a motion for a mental evaluation which the court granted. The licensed psychologist filed a report with the court pursuant to I.C. § 18–211. The report reflects that Goodson felt angry at the times the fires were set due to conflicts with his wife; they have since divorced. The opinion of the psychologist was that Goodson strongly needs psychological treatment and that Goodson is at risk to reoffend. The psychologist also indicated that Goodson has both the capacity to understand the seriousness and potential consequences of his actions, as well as the ability to conform his behavior to that expected by society.

At the initial sentencing hearing, the state recommended that Goodson be ordered to pay restitution and be sentenced to two-years fixed, three-years indeterminate to be followed by the 120–day period of retained jurisdiction. Defense counsel agreed with this recommendation stressing the importance of the 120–day rider program for Goodson. Goodson's PSI reveals that he has committed no prior felonies, one misdemeanor consisting of filing a false fire report, and five traffic violations. After noting the seriousness of the crimes involved and the indication that Goodson could likely reoffend, contained in the PSI and psychological report, the district court imposed sentences in accordance with the recommendation and retained jurisdiction for 120 days, later extended by sixty days.

After expiration of the 180–day rider, Goodson requested the court to retain jurisdiction. At the hearing, the state recommended that the court relinquish jurisdiction, consistent with the report from the jurisdictional review committee. However, defense counsel recommended that Goodson be placed on probation. The court noted the recommendation from the jurisdictional review committee, yet also noted that Goodson had behaved well in the rider program. Another factor which influenced the committee's recommendation, as well as the district judge's decision not to grant probation, was Goodson's failure to provide a specific agenda for counseling in his probation plan. The judge noted that such programs are difficult to arrange and require significant initiative; she also stated that due to the uncomfortable nature of the counseling process a person's chances of successful completion are diminished, without a fair amount of initiative. The judge decided to decrease the term of the fixed sentence to one year with four-years indeterminate because of Goodson's performance in the rider program. After noting the potential harm to society, the judge directed Goodson to develop a more specific plan for rehabilitation, noting that such efforts would give Goodson a reasonable chance to obtain parole.

Although it does not materially affect the appeal, we note that the one-year sentences imposed for firing timber or prairie lands appear illegal because I.C. § 18–7004 does not prescribe a penalty different from the general misdemeanor penalty provided for in I.C. § 18–113. Section 18–113 specifies that a misdemeanor "is punishable by imprisonment in a county jail not exceeding six (6) months" unless the code provides for a different punishment. The one-year sentences imposed for firing timber or prairie lands run concurrently with the legal and reasonable sentence imposed for burning property not subject to arson. The misdemeanor sentences have now been fully served. Because of the concurrent nature of all of the sentences, Goodson has not been required to serve any more time

than he would have served had the sentences been for six months. Accordingly, we consider the question raised as to these sentences to be moot.[1]

Having reviewed the record and sentencing transcript and in light of Goodson's character and the nature of the crimes involved, we hold that the felony sentence imposed is reasonable.

WALTERS, C.J., and SILAK, J., concur.

---

1. Regarding the issue of correcting an illegal sentence, when the issue has not been presented to the district court, *see State v. Lavy*, 121 Idaho 842, 828 P.2d 871 (1992); *State v. Martin*, 119 Idaho 577, 808 P.2d 1322 (1991); *State v. Hernandez*, 122 Idaho 227, 832 P.2d 1162 (App. 1992).