838 P.2d 888

STATE of Idaho, Plaintiff–Respondent,

v.

Marilyn Decell TESHEEP,
Defendant–Appellant.

No. 19601.

Court of Appeals of Idaho.

Oct. 5, 1992.

Randall D. Schulthies, Pocatello, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Marilyn Tesheep pled guilty to aggravated assault. I.C. §§ 18–901(b), –905(a). The district court sentenced Tesheep to a fixed term of five years, however, the court suspended the sentence and placed her on probation. Within a year, Tesheep admitted violating two of the terms of her probation. The district court then revoked Tesheep's probation and executed the previously imposed sentence, modifying it slightly by reducing the fixed term of confinement. Tesheep appeals contending that the terms of probation were impossible for her to abide by, and that the district court abused its sentencing discretion. We affirm.

The state initially charged Tesheep with two counts of aggravated assault. The circumstances of the charges were that Tesheep, under the influence of paint fumes, threatened to sacrifice two twelve year-old girls to the devil at a church baseball field. Pursuant to a plea bargain, Tesheep pled guilty to one of the counts and the other was dismissed.

On October 22, 1990, the district court sentenced Tesheep to a fixed five-year term of imprisonment, suspended the sentence and ordered probation for five years. Among the various terms of probation, the court ordered Tesheep to attend in-patient treatment for substance abuse. The court prohibited Tesheep from having any alcohol or controlled substance in her possession, including inhalants such as spray paints. The court also forbade Tesheep from committing any assaultive behavior, and from entering any bars. On May 31, 1991, the police picked up Tesheep who was staggering in the roadway and yelling at traffic after she had sniffed glue. On June 5, 1991, sheriff's deputies again placed Tesheep in protective custody after she had been walking in the street yelling obscenities at children. The deputies observed Tesheep holding a can of paint and a rag to her face. Tesheep admitted that these acts constituted violations of the terms of her probation. Thereafter the court revoked Tesheep's probation and ordered the previously imposed sentence executed, however, the court modified her sentence by reducing the fixed five-year term to four years fixed with one-year indeterminate.

■ Tesheep contends on appeal that the district court abused its discretion by executing the sentence for probation violations. She bases this contention on the assertion that the terms of probation requiring her to refrain from substance abuse and harassing and intimidating children were unreasonable, unfair and virtually impossible to abide by.

The state contends that this issue is not properly before this Court because Tesheep raises it for the first time on appeal. We agree. Because Tesheep failed to raise this issue before the district court we will not address it. See State v. Martin, 119 Idaho 577, 579, 808 P.2d 1322, 1324 (1991) (challenge to the legality of a sentence raised for the first time on appeal will not be addressed). Moreover, "[a] defendant may decline probation, should [s]he consider its terms too onerous, and demand instead to be sentenced by the court." State v. Sandoval, 92 Idaho 853, 861, 452 P.2d 350, 358 (1969). Having failed to give the district court the opportunity to address this issue, Tesheep is not entitled to have it determined on appeal.

■ The second issue Tesheep raises is that the district court abused its sentencing discretion when it ordered the execution of the previously imposed sentence and modified the sentence to four years fixed with one-year indeterminate. Tesheep does not contend that the court abused its discretion when it revoked her probation. Tesheep contends that the court failed to adequately consider the extent of her mental state when combined with her substance addiction. Tesheep contends that the four-year fixed term of her sentence is unreasonable.

We disagree. Tesheep must show that her sentence is unreasonable and therefore that the district court clearly abused its sentencing discretion. State v. Broadhead, 120 Idaho 141, 814 P.2d 401 (1991). We review a sentence in light of the nature of the offense and the defendant's character. State v. Shideler, 103 Idaho 593, 651 P.2d 527 (1982).

The presentence report reveals that Tesheep has violated the Shoshone–Bannock Tribal Law & Order Code many times by ingesting toxic fumes dating back to 1972. She has also been convicted of eight misdemeanors and one felony. She has an extensive record and has been through various substance abuse programs. Although the court was aware of the psychologist's opinion who interviewed Tesheep, that Tesheep posed a greater danger to herself than she did to others, the court also recognized that there was an increasing possibility that she would harm young children.

Having in mind the factors set forth in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we cannot say that the sentence is unreasonable. We affirm the executed sentence as modified.