860 P.2d 677

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Daniel R. GARCIA, Defendant–Appellant.**

**No. 20413.**

Court of Appeals of Idaho.

Aug. 25, 1993.

Rehearing Denied Oct. 7, 1993.

Douglas R. Whipple, Cassia County Public Defender and Kerry D. McMurray, Deputy Public Defender, Burley, for defendant-appellant.

Larry EchoHawk, Atty. Gen. and Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PERRY, Judge.

By order dated December 2, 1992, the district court revoked Daniel Garcia's probation and ordered into execution the previously suspended sentence of two to five years imposed upon Garcia's 1988 conviction for felony driving under the influence, I.C. § 18–8004. Garcia appeals, contending that the district court erred in its decision to revoke probation for Garcia's failure to complete an in-patient alcohol program when it became impossible for Garcia to comply with the probation condition. We affirm.

Garcia pled guilty to felony driving under the influence. His sentence of two to five years was suspended, and the court ordered four years of probation. He was brought before the court to answer for probation violations occurring in June 1988, December 1989, and January 1991. On the first two violations, the court reinstated the probation. On the third violation, the court reinstated the previously suspended sentence, but retained jurisdiction for a period of 180 days. After the retained jurisdiction period, the court again suspended the sentence and reimposed probation for four and one-half years, retroactive to the date of the original sentence.

Garcia was charged with a fourth probation violation related to a June 1992 incident and an August 1992 incident. At the hearing on this probation violation, Garcia admitted that he had consumed alcohol, refused the Intoximeter 3000 test, and failed to obey the law in violation of his probation. The court ordered him to serve ninety days in jail with work release, after which he would be restored to probationary status, with an additional condition that he complete an in-patient alcohol program at Genesis House in Seattle.[1]

When it became obvious that Garcia would be unable to be admitted into the program, he moved the district court to review and appropriately modify the conditions of his probation. Garcia advised the court that although he had saved up $300 to pay for the Genesis House program, the admission charges had been increased to $500, he had spent some of the money, and there was no longer a bed available at the facility for him. In view of these circumstances, Garcia argued for a commutation of his sentence, whereby he would receive credit for time served (483 days), with the remaining sixty-seven days of the two-year fixed portion of the sentence to be served in jail.

Considering the record of probation violations, the district court determined that Garcia's efforts at rehabilitation through probation had not been successful. In ruling on the motion, the court revoked the probation and ordered that Garcia serve his sentence in prison, where he would be credited with 483 days served and be eligible for parole after only 67 days. The court also denied Garcia's motion to reduce his sentence under I.C.R. 35 which was filed within two weeks of the order revoking probation.

■ After a probation violation has been proven, the decision to revoke probation and to pronounce sentence rests within the sound discretion of the district court. *State v. Schorzman*, 122 Idaho 201, 832 P.2d 1136 (Ct.App.1992); *See also* I.C. § 20–222. Garcia does not dispute this proposition; however, he argues on appeal that where no new probation violation was before the court on the motion to review and/or modify the probation, the revocation of probation was in error. Further, he argues that all of his probation violations had already been disposed of at the time of the hearing on the motion. Citing *State v. Lee*, 116 Idaho 38, 773 P.2d 655 (Ct.App. 1989), Garcia asserts that before probation can be revoked, the court must determine upon a preponderance of the evidence that he violated his probation.

■ Idaho Code § 20–221 provides that the court may impose and may, at any time, modify any conditions of probation or suspension of sentence. Our Supreme Court has also held that "after a judge has granted probation, he retains jurisdiction during the probationary period, and has continuing discretion to modify its conditions." *State v. Oyler*, 92 Idaho 43, 47, 436 P.2d 709, 713 (1968). Furthermore, the fact that compliance of a condition of probation becomes impossible through no fault of the probationer does not preclude the district court from changing the terms of probation. *State v. Kelsey*, 115 Idaho 311, 314, 766 P.2d 781, 784 (1988).

---

1. The court also ordered that his probation term be increased by twenty-four months. Such an extension of the probation beyond the maximum five-year sentence authorized by I.C. § 18– 8005(3) was illegal. The district court recognized its error, as evidenced in its colloquy on the record of the I.C.R. 35 hearing; however, this issue is not before the court in this appeal.

Through his motion to review and/or modify the probation, Garcia was looking for an accommodation from the court, i.e. the removal of the "impossible" condition relating to completion of the Genesis House program. The district court, however, terminated the suspension and ordered the execution of the two to five year sentence. The district court explained to Garcia,

> Based on your track record, I simply cannot commute your sentence for another month and place you back in the community with good conscience. You just haven't proven by your actions that you are worthy of having the Court do that.

The district court examined whether the probation was achieving the goal of rehabilitation and was consistent with the protection of society. *See State v. Hass,* 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct.App. 1988). The prior reinstatements of probation did little to dissuade Garcia from abusing alcohol which in turn led to new violations of the law. The revocation of probation by the district court was not an abuse of discretion.

Garcia also attempts to challenge, on appeal, the validity of the probation condition regarding the Genesis House program. Garcia argues that the condition was not proper when imposed because the program could not have been performed within the term of probation. In response, the state suggests not only that Garcia requested this specific condition of probation, but also that the order imposing that probation condition was not objected to below and not appealed from. We agree with the state that the scope of the appeal is limited to review of the revocation order, and we will not address this issue further.

The order revoking Garcia's probation and ordering that he serve his sentence of two to five years for felony DUI is affirmed.

WALTERS, C.J., and LANSING, J., concur.