889 P.2d 93

STATE of Idaho, Plaintiff–Respondent,

v.

Jay Jeffrey DORSEY, Defendant–Appellant.

No. 21210.

Court of Appeals of Idaho.

Jan. 31, 1995.

Whittier, Souza and Clark, Chtd., Pocatello, for appellant.

Alan G. Lance, Atty. Gen. and Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent.

**WALTERS, Chief Judge.**

This appeal raises questions relating to a district court's order for restitution in a criminal case. Jay Jeffrey Dorsey challenges the authority of the district court to enter an order (1) specifying the amounts and the payees due restitution upon an application of the prosecutor filed almost two years after Dorsey was placed on probation; and (2) requiring Dorsey to make restitution to individuals other than the victim of the crime. We conclude that the district court did not abuse its discretion in entering the restitution order and we affirm.

Jay Dorsey was charged with second degree murder for the stabbing death of Leon Patton. Pursuant to plea negotiations, Dorsey waived a claim of self-defense and pled guilty to a reduced charge of involuntary manslaughter. Relevant to the issues of restitution raised in this appeal, the plea agreement provided that Dorsey would pay for the repair and cleaning of the motel room where the homicide took place, the medical expenses for himself and the victim, Dorsey's own medical evaluation, a private investigation ordered by the court, and expenses arising from the autopsy and the testimony from a pathologist. The agreement further specified that restitution would be paid during any period of probation and that as soon as full restitution had been made, the court could consider terminating probation.

The plea agreement, and Dorsey's plea of guilty to involuntary manslaughter, were ac-cepted by the district court. Dorsey was sentenced to the custody of the Board of Correction for ten years, with a three-year minimum period of confinement. Following a period of retained jurisdiction, the court suspended Dorsey's sentence and placed him on probation for five years. One of the conditions of probation provided that:

> [The] Defendant shall make restitution to the victims as follows: The sums are to be established by the Prosecuting Attorney; copies of the sums are to be submitted to [defense counsel] and the Court within thirty (30) days of this date.

The date of the probation order was April 25, 1991.

In August, 1991, the prosecutor submitted a letter to Dorsey's attorney, listing the payees and amounts for restitution, which totaled $4,521.40. The claim was itemized as follows: Crest Motel, $1,374.40; Dr. Wolff, $100; University of Utah, $1,275; Autopsy, $1,022; Dr. Garrison, $750. The letter invited a response from defense counsel within 10 days if there were any questions regarding the amounts claimed.

A copy of this letter was not provided to the district court until January 4, 1994, when the prosecutor filed a motion for determination of the restitution owed in the case. An affidavit submitted with the motion expressed the prosecutor's position as to why the motion was being presented to the district court. The affidavit explained that: coordinating with law enforcement took longer than anticipated and notice of the amounts owing for restitution was not sent to defense counsel until August 13, 1991; due to an oversight, a copy of the letter was not provided to the court nor to the probation department; the prosecutor and defense counsel on several occasions discussed contacting Dorsey to determine the defendant's position as to whether or not restitution would be paid through the court; Dorsey's counsel (a public defender) was appointed to a judicial office and a new attorney assumed representation of Dorsey in this case; the new attorney first told the prosecutor on January 3, 1994, that because notice of the restitution amount was not made within 30 days of the probation

order, the defendant was not willing to make restitution, but preferred to handle the matter through civil litigation; Dorsey claimed to have otherwise paid all court obligations in full and was seeking to have his probation terminated; and, finally, that none of the amounts of restitution recited in the August 13, 1991, letter had been paid.

A hearing on the prosecutor's motion was held on February 24, 1994, and the matter was taken under advisement. On March 11, 1994, the district court entered an order requiring Dorsey to pay restitution in the amounts previously submitted by the prosecutor. Dorsey then brought this appeal from the March 11 restitution order.

I

Dorsey recognizes that I.C. § 19–5304 gives a sentencing judge broad discretion in determining the amount of restitution to be paid in a criminal action, and that an order for restitution will not be disturbed on appeal unless an abuse of discretion is shown. *See State v. Bybee* 115 Idaho 541, 768 P.2d 804 (Ct.App.1989). He argues, however, that an abuse of discretion has been sufficiently established in this case through the district court's acceptance of the prosecutor's claim for the sums due after the prosecutor had failed to comply with the probation order entered in April, 1991, which required the submission of a claim within thirty days. Essentially, he argues that the prosecutor's failure to comply with the probation order precluded the district court from further exercising its discretion with regard to the question of restitution. We are not persuaded by this argument.

Idaho Code § 19–5304(6) provides that "Restitution orders shall be entered by the court at the time of sentencing *or such later date as deemed necessary by the court*". (Emphasis added.) Here, the dis-

trict court had ordered the payment of restitution in the original probation order of April 25, 1991, but without stating the amounts or identifying the payees. Although the order specified that the prosecutor would establish the sums due and submit a claim to defense counsel and the court within thirty days, the order did not purport to limit the recovery of restitution nor impose any sanction for non-compliance on the part of the prosecutor. Following entry of this order, the court retained jurisdiction during the probationary period, with authority to modify the terms and conditions of probation, pursuant to I.C. § 20–221. *State v. Oyler*, 92 Idaho 43, 436 P.2d 709 (1968); *State v. Garcia*, 124 Idaho 474, 860 P.2d 677 (Ct.App.1993). The subsequent order of March 11, 1994, setting forth the amounts and naming the recipients of the restitution, modified the previous probation order. This action by the district court was clearly within its discretionary authority in light of the relevant statutes. Accordingly, we uphold the exercise of that discretion. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989).

II

Dorsey next argues that the district court abused its discretion when it directed him to pay restitution to the various individuals or entities named in the order, i.e., the Crest Motel, Drs. Wolff and Garrison, University of Utah and "autopsy," without a showing that these individuals or entities actually were victims of Dorsey's actions.[1] In response, the State poses two counter-arguments.

The State first asserts that Dorsey is precluded from raising this issue on appeal because he did not initially seek relief on this ground in the district court. The State points out that Dorsey's objection to the restitution order in the district court was based entirely upon the fact that the prosecutor had not submitted the claim for sums

---

1. For the purposes of restitution relating to criminal actions, I.C. § 19–5304(1)(e) defines "victim" as follows:

"Victim" shall mean a person or entity, named in the complaint, information or indictment, who suffers economic loss or injury as the result of the defendant's criminal conduct and shall also include the immediate family of a minor and the immediate family of the actual victim in homicide cases. Victim shall also mean any health care provider who has provided medical treatment to a victim if such treatment is for an injury resulting from the defendant's criminal conduct, and who has not been otherwise compensated for such treatment by the injured victim.

due within 30 days of the probation order. The State submits that, in the proceeding below, Dorsey never contended it would be improper to require him to pay restitution to persons who were not "victims" of the crime. In support of its position that this issue cannot be now raised, the State cites *State v. Lavy*, 121 Idaho 842, 828 P.2d 871 (1992); *Sanchez v. Arave*, 120 Idaho 321, 815 P.2d 1061 (1991); and *State v. Martin*, 119 Idaho 577, 808 P.2d 1322 (1991). In particular, the State relies upon *Martin* and another recent decision, *State v. Russell*, 122 Idaho 488, 835 P.2d 1299 (1992), as authority to insist that the appellate court simply cannot review claims asserting illegal sentencing provisions or illegal probation conditions, whether raised by the State or by the defendant, where the allegations were not first considered and ruled upon by the trial court. We are persuaded by the State's argument that *Martin* and *Russell*, to a limited degree, effectively overruled an earlier decision of this Court, *State v. Aubert*, 119 Idaho 868, 811 P.2d 44 (Ct.App.1991), which otherwise might have applied to the instant case. In *Aubert*, we vacated a restitution order that exceeded the trial court's statutory authority, even though the alleged lack of authority to enter the order had not been urged by Aubert in the court below.

As a secondary position, the State argues that Dorsey's plea agreement constitutes his consent to the restitution order under I.C. § 19–5304(9). This statute provides that the court may, with the consent of the parties, order restitution to victims or any other person or entity for economic loss or injury resulting from a crime. The State maintains that all of the payments ordered by the district court as restitution are in keeping with the terms of Dorsey's plea agreement. In support of the proposition that consent to restitution can be predicated upon a plea agreement, the State cites *United States v. Soderling*, 970 F.2d 529 (9th Cir.1992), *cert. denied* —— U.S. ——, 113 S.Ct. 2446, 124 L.Ed.2d 663 (1993); *United States v. Marsh*, 932 F.2d 710 (8th Cir.1991); *United States v. Winkler*, 817 F.Supp. 1530 (D.Kan.1993); *Ex parte Killough*, 434 So.2d 852 (Ala.1983); *Kimbrell v. State*, 666 P.2d 454 (Alaska App. 1983); *Dent v. State*, 432 So.2d 163 (Fla.App.

1983); and *Lee v. State*, 307 Md. 74, 512 A.2d 372 (1986). The State submits that this line of authority provides an ample basis for affirming the restitution order entered by the district court, if we reach that issue on its merits.

After due consideration, we conclude the State has correctly analyzed this case under the principle that bars the appellant from the assertion of issues raised for the first time on appeal. The record clearly supports the State's contention that, except as to the timeliness of the claim, Dorsey never disputed the district court's authority to order restitution to the alleged "victims" identified in the claim filed by the prosecutor. This being so, the appellant's argument now challenging the district court's decision to allow restitution to the parties named in the restitution order must be rejected. Our disposition of the question on this ground renders unnecessary any discussion of the effect of the plea agreement as a consent to restitution.

The order for restitution, dated March 11, 1994, is affirmed.

LANSING and PERRY, JJ., concur.