87 P.3d 295

STATE of Idaho, Plaintiff–Respondent,

v.

Jenifer M. McCOOL, Defendant–
Appellant.

No. 28281.

Court of Appeals of Idaho.

June 13, 2003.

Review Granted Oct. 28, 2003.

Rehearing Denied July 29, 2003.

John M. Adams, Kootenai County Public Defender; Lynn R. Nelson, Deputy Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

The appellant, Jenifer M. McCool, was admitted to the Kootenai County drug court program after she pleaded guilty to a controlled substance violation, but she was later terminated from that program, and a judgment of conviction for her offense was entered. The sole issue presented by this appeal is whether the trial court exceeded its authority by including in the judgment of conviction and in the probation order a requirement that McCool pay restitution to the prosecutor's office and to a private counseling firm for expenses associated with her drug court participation.

## BACKGROUND

McCool was charged with possession of methamphetamine, Idaho Code § 37–2732(c)(1). She pleaded guilty and was admitted to the Kootenai County drug court program. Under that program, sentencing is held in abeyance while the participant receives substance abuse treatment and is subjected to close supervision by the court and probation authorities. Those who successfully complete the program are rewarded by a reduction of their charge from a felony to a misdemeanor.

McCool was ultimately terminated from drug court because authorities learned that there were charges pending against her in California, a circumstance that disqualified her from the drug court program. Consequently, the district court entered a judgment of conviction against McCool. At the sentencing hearing, the prosecutor requested that McCool be ordered to pay restitution to the prosecutor's office for its expenses associated with McCool's participation in drug court and to the private counseling firm that had provided substance abuse counseling services to McCool while she was in the drug court program. McCool's attorney objected that neither the prosecutor's office nor the counseling firm were "victims" entitled to restitution under the crime victims' restitution statutes, I.C. §§ 19–5302, –5304, but the district court ordered the payments as requested by the prosecutor. The district court imposed a sentence of imprisonment, but suspended the sentence and placed McCool on probation. The judgment included an order that, pursuant to the crime victims' restitution statutes, McCool must pay prosecutorial expenses of $162.60 to the Kootenai County Prosecutor's Office and $630 to the private counseling firm. The court further ordered payment of the same sums as a condition of McCool's probation. McCool appeals, challenging only these restitution requirements.

## ANALYSIS

■ McCool is correct in asserting that neither the prosecutor's office nor the counseling firm is a "victim" for whom restitution may be ordered under Idaho's crime victim restitution statute. Idaho Code § 19–5304(2) authorizes a restitution order if a defendant is found guilty of "any crime which results in an economic loss to the victim." Insofar as relevant here, "victim" is defined in § 19–5304(1)(e) as follows:

"Victim" shall mean:

(i) The directly injured victim which means a person or entity, who suffers economic loss or injury as the result of the defendant's criminal conduct and shall also include the immediate family

of a minor and the immediate family of the actual victim in homicide cases;

(ii) Any health care provider who has provided medical treatment to a directly injured victim if such treatment is for an injury resulting from the defendant's criminal conduct, and who has not been otherwise compensated for such treatment by the directly injured victim or the immediate family of the directly injured victim;

. . . .

(iv) A person or entity who suffers economic loss because such person or entity has made payments to or on behalf of a directly injured victim pursuant to a contract including, but not limited to, an insurance contract.

Neither the prosecutor's office nor the drug counseling firm that provided services to McCool fall within that definition. Even if the counseling firm could be deemed a "health care provider," it does not qualify as a "victim" under subsection (e)(ii) because it provided services to McCool, not to "a directly injured victim."

In this appeal, the State advances no argument that the payments ordered by the court were authorized by § 19–5304. Instead, the State suggests that another statute, I.C. § 37–2732(k), empowered the district court to order the payments. The State's position is correct insofar as it applies to the order to pay expenses of the prosecutor's office. Section 37–2732(k) provides in part:

(k) Upon conviction of a felony violation under this chapter [pertaining to controlled substances] . . . the court may order restitution for costs incurred by law enforcement agencies in investigating the violation. Law enforcement agencies shall include, but not be limited to, the Idaho state police, county and city law enforcement agencies, the office of the attorney general and county and city prosecuting attorney offices. Costs shall include, but not be limited to, those incurred for the purchase of evidence, travel and per diem for law enforcement officers and witnesses throughout the course of the investigation, hearings and trials, and any other investigative or prosecution expenses actually in-

curred, including regular salaries of employees.... A conviction for the purposes of this section means that the person has pled guilty or has been found guilty, notwithstanding the form of the judgment(s) or withheld judgment(s).

The first sentence of this statute refers to costs incurred in *investigating* a violation, and the statute is most commonly applied through orders to reimburse public agencies for such expenses as unrecovered "buy money" used for undercover drug purchases, compensation paid to informants, the cost of laboratory analysis of evidence, and similar investigative expenses. Nevertheless, the statute specifically provides that reimbursable costs include "any other ... prosecution expenses actually incurred, including regular salaries of employees." That statutory language is broad enough to encompass prosecutorial expenses associated with drug court operations incurred before a judgment of conviction has been entered against the defendant. Therefore, that component of McCool's judgment and probation order compelling payment of restitution to the prosecutor's office was authorized by I.C. § 37–2732(k).

■ It cannot be said, however, that § 37–2732 validates the ordered restitution payment to the private counseling firm. The counseling firm is not a law enforcement agency, and its services were no part of the investigation or prosecution of the criminal charge. The State has identified, and we are aware of, no other statutory authorization for a trial court to order the payment of such charges as a component of a judgment of conviction or probation order.[1]

We have observed that "courts of criminal jurisdiction have no power or authority to direct reparations or restitution in the absence of a statutory provision allowing them to do so." *State v. Hernandez*, 121 Idaho 114, 117, 822 P.2d 1011, 1014 (Ct.App.1991). *See also State v. Aubert*, 119 Idaho 868, 869, 811 P.2d 44, 45 (Ct.App.1991), *overruled on other grounds, State v. Dorsey*, 126 Idaho

659, 662, 889 P.2d 93, 96 (Ct.App.1995). Where such statutory authority exists, the decision whether to order restitution is a matter of trial court discretion, but a restitution order made without a statutory basis is not a permissible exercise of judicial discretion. *Id.* at 869–71, 811 P.2d at 45–47. Therefore, we hold that the district court erred by ordering that McCool pay restitution for the counseling services she received as a drug court participant.

Those portions of McCool's judgment of conviction and probation order requiring payment of $630 to the counseling firm are vacated. Those portions calling for payment of expenses of the Kootenai County prosecutor's office are affirmed.

Judge PERRY and Judge GUTIERREZ concur.

---

1. Another statute, I.C. § 31–3201E, specifically requires persons admitted into a drug court program to pay an amount up to $300 per month, as determined by the presiding judge, to fund expenses of the program, but that statute applies to *participants*, not those who are being sentenced after termination from the program.