**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36544**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 687 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 27, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ABELARDO DOMINGUEZ RAMOS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Order of restitution <u>remanded</u> for further proceedings.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

WALTERS, Judge Pro Tem

This is an appeal from an order granting restitution to the State pursuant to Idaho Code § 37-2732(k) for expenses incurred in the investigation of a violation of the Uniform Controlled Substances Act. We remand the case to the district court for further proceedings.

**I.**

**BACKGROUND**

Abelardo Dominguez Ramos pled guilty to a charge of conspiracy to traffic in cocaine, I.C. § 37-2732, following an indictment by a grand jury. At the sentencing proceeding on March 16, 2009, he was sentenced to a term of fifteen years with five years fixed and was ordered to pay a fine of $10,000.00. At the conclusion of the proceeding, the district court inquired of the prosecutor if there was any further matter to be considered. The prosecutor replied that the State was going to request restitution and would submit an affidavit at a later date

1

once the amount had been calculated.[1]  The court then indicated that it intended to sign an order of restitution after the State had made its calculations and presented a restitution order to the court.  The court informed Ramos and his attorney that Ramos would have forty-two days to object and to request a restitution hearing if Ramos did not agree to the amount sought by the State.[2]  Ramos was also advised by the court in writing about his right to appeal, to file a motion for sentencing modification and to file post-conviction proceedings.  With respect to each of those rights, Ramos was informed that he had the right to the assistance of an attorney and could have an attorney appointed at public expense if he was an indigent person. The information provided to Ramos by the court was silent regarding the assistance of an attorney with respect to the restitution issue.

Thereafter, on April 17, the district court signed an order for restitution in the amount of $129,534.97 for expenditures incurred by the Nampa Police Department, the Boise Police Department, and the Drug Enforcement Administration, based upon a written accounting of these expenses submitted by the prosecutor.  The order contained a recitation that the defendant had forty-two days to object to or request relief from the restitution order in accordance with the Idaho Rules of Civil Procedure.  On that same date, following a hearing in open court, the court also signed an order granting a request by Ramos's privately retained counsel to withdraw from continuing to represent Ramos.  This order was signed after the district court first advised Ramos's counsel during the hearing that the restitution order had been entered and that Ramos had forty-two days to dispute it.  Ramos was not present in the courtroom during this proceeding, having been previously transported to a State corrections facility to begin serving his sentence.

The order for restitution was filed on April 21.  On May 22, Ramos filed a notice of appeal to the Idaho Supreme Court from the order of restitution entered on April 21.  The appeal was subsequently assigned to this Court for disposition.

---

[1]  Idaho Code § 37-2732(k) provides that upon conviction under the Uniform Controlled Substances Act, the court may order restitution for costs incurred by law enforcement agencies in investigating the violation.

[2]  Idaho Code § 19-5304(10) provides that a defendant, against whom a restitution order has been entered, may, within forty-two (42) days of the order of restitution, request relief from the restitution order in accordance with the Idaho Rules of Civil Procedure relating to relief from final orders.

## II.

## DISCUSSION

Where statutory authority exists to order restitution, the decision whether to order restitution is a matter of trial court discretion. *State v. Aubert*, 119 Idaho 868, 869-71, 811 P.2d 44, 45-47 (Ct. App. 1991), *overruled on other grounds*, *State v. Dorsey*, 126 Idaho 659, 662, 889 P.2d 93, 96 (Ct. App. 1995). This authority is extended to the district court by I.C. § 37-2732(k). Under I.C. § 19-5304(6), each party shall have the right to present such evidence as may be relevant to the issue of restitution, and where a defendant is given meaningful notice and opportunity to present evidence that is relevant to the issue of restitution, then the purpose of the statute and due process is satisfied. *State v. Blair*, ____Idaho ____, ____ P.3d ____ (Ct. App. Aug. 13, 2010).

Ramos contends that he was deprived of his right to counsel and to due process for the purposes of the restitution proceedings when the district court allowed his attorney to withdraw without appointing the public defender to represent him concerning restitution. He further asserts that the district court abused its discretion when it ordered Ramos to pay restitution without considering Ramos's ability to pay.

In his motion to withdraw, Ramos's attorney disclosed that Ramos had indicated that he "wants to file a Rule 35 [application for relief from his sentence]" and presented to the court a proposed order that allowed the attorney to withdraw and also provided for the appointment of the public defender to represent Ramos. Addressing the potential Rule 35 motion during the hearing on the motion to withdraw, the district court expressly indicated that in the event Ramos filed a Rule 35 application for relief from his sentence, at that time the court would consider whether to appoint the public defender to represent Ramos. Accordingly, while the district court signed the proposed order allowing counsel to withdraw, the court struck out the reference to appointment of the public defender.

However, the district court did not address the question of appointment of counsel relative to the restitution issue which was then pending. We acknowledge that it is not entirely clear from the motion filed by the withdrawing attorney that Ramos would need assistance in formulating an objection to the restitution order; however, we believe that the district court should have addressed the question of appointment of counsel in relation to the pending issue, restitution, not just a potential Rule 35 issue or prospective appellate or post-conviction

3

proceeding. The district court did not do so and we will not address the propriety of appointment of counsel relative to the request for restitution in the first instance. Therefore, we remand to the district court to determine whether to appoint counsel for Ramos relative to the request for restitution.

If the court determines that an attorney should be appointed to represent Ramos with respect to the restitution issue, then the course of that representation can resolve the question of whether the district court need review Ramos's financial condition as an element of determining the amount of restitution, if any, that should be ordered, disposing of the second issue raised by Ramos on this appeal. If the court determines that Ramos is not entitled to appointment of counsel, then the second issue raised on this appeal need not be addressed, since Ramos did not timely file an objection or request for a hearing on the restitution issue.

## III.

## CONCLUSION

Because it is unclear whether Ramos was entitled to the appointment of an attorney at public expense with respect to the entry of the order of restitution in this case, the case is remanded for the district court to make that determination in the first instance.

Chief Judge LANSING and Judge GRATTON, CONCUR.